A. Bassett v. G. L. Mitchell, *as Constable, etc., et al.*

Judgment, *Voidable — Injunction.* Where a summons is duly issued by
a justice of the peace in an action properly commenced before him,
in accordance with the provisions of § 11, chapter 81, Compiled Laws
of 1885, and there is indorsed upon the summons by the justice of
the peace the amount sued for and the amount for which the plaintiff
will take judgment if the defendant fails to appear; and subsequently,
and within the time prescribed by the statute, the summons is re-
turned to the justice of the peace by the constable serving the same,
with the certificate duly indorsed thereon that he has served the sum-
mons "by delivering a copy thereof, with the indorsements thereon,
duly certified, at the usual place of residence of the within defendant;"
and the defendant fails to appear in the justice's court, the justice,
upon such summons and the service thereof, may render judgment
against him for the amount indorsed on the summons; and if in serv-
ing such summons the constable by mistake entered a less amount
upon the copy of the summons served upon the defendant than in-
dorsed upon the original summons, the judgment in excess of the
indorsement upon the copy is voidable only, but not void; and the
judgment in excess of the amount indorsed upon the copy of the
summons cannot be enjoined.

### Error from Greenwood District Court.

Leidigh, Richardson & Co. filed their bill of particulars
in a justice's court, claiming a judgment against *A. Bassett*,
plaintiff in error, for $91.73, with interest. A summons was
issued, and a copy served upon him indorsed as follows:

"If the defendant fail to appear, the plaintiff will take
judgment for $19.73, with interest at the rate of 10 per cent.
per annum from the 1st day of October, 1886, and costs of
suit."

On the 24th day of December, 1886, the return-day, judg-
ment was rendered in justice's court in favor of Leidigh,
Richardson & Co., and against Bassett, for the sum of $94.01
debt, and $3.45 costs. There was no appearance by the de-
fendant. On the 5th day of January, 1887, *Bassett* paid the
justice the sum of $23.75, being the full amount indorsed
upon the summons, with interest and costs. On the same day
Leidigh, Richardson & Co. received from said justice the

amount of $20.30 of said money, $3.45 being retained by the justice for costs.   On the 7th day of January, they caused an execution to be issued upon said judgment, which was placed in the hands of G. L. Mitchell, constable, one of the defendants in error, who levied upon the property of *Bassett*, who then filed his petition asking for an injunction, and obtained a restraining order from the probate judge of Greenwood county.   The cause was tried in the district court, at the May term, 1887, when the restraining order was dissolved, and an injunction refused, and plaintiff adjudged to pay the costs. Plaintiff brought the case here for review.   The case was heard on October 4, 1888, and at the session of the court in November following, it was decided, and there was filed herein an opinion, (syllabus and opinion by HOLT, C.,) recommending that the judgment of the district court be reversed.   By the court it was so ordered—all the justices concurring.   The syllabus therein formulated, and declared to be the law, is as follows:

"When a defendant fails to appear in a justice's court, judgment cannot be rendered against him for an amount larger than that indorsed upon the copy of the summons served upon him. Any judgment in excess thereof is void, and may be enjoined."

On November 26, 1888, the defendants in error filed a motion for a rehearing, which was argued on December 4, following.   On January 4, 1889, the court sustained the motion, and filed herein the new syllabus, *supra*, and the opinion, *infra*.

*D. B. Fuller*, for plaintiff in error.

*W. S. Marlin*, and *R. P. Kelley*, for defendant in error Mitchell; *N. W. Hackett*, for defendants in error Leidigh, Richardson & Co.

The opinion of the court was delivered by

HORTON, C. J.: Upon the argument for rehearing in this case, our attention has been called to the record showing that the justice of the peace, upon the action properly commenced

before him by Leidigh, Richardson & Company *v.* A. Bassett, to recover $91.73 with interest, issued a summons for the amount claimed, in accordance with the provisions of § 11, chapter 81, Compiled Laws of 1885. The summons so issued had indorsed thereon:

"If the defendant fail to appear, the plaintiff will take judgment for $91.73, with interest thereon at the rate of 10 per cent. per annum from the 1st day of October, 1886, and costs of suit.            A. EMERSON, *Justice of the Peace.*"

This summons so indorsed was directed to and placed in the hands of G. L. Mitchell, constable, and within the time prescribed by the statute was returned by the constable to the justice with the following certificate of service:

"DECEMBER 20, 1886.—Served the same by leaving a copy thereof, with the indorsements thereon, duly certified, at the usual place of residence of the within-named defendant.
            G. L. MITCHELL, *Constable.*"
"Serving summons, first person, .25. A copy of summons, .15. Total, 40 cts.            G. L. MITCHELL, *Constable.*"

It appeared upon the trial that the copy of the summons served upon Bassett was indorsed, by mistake of the constable, as follows: "If the defendant fail to appear, plaintiff will take judgment for $19.73, with interest at the rate of 10 per cent. per annum from the 1st day of October, 1886, and costs of suit." As the original summons was duly issued, indorsed, and returned, we think that the justice had jurisdiction, upon the failure of the defendant to appear, to render judgment for the amount sued for and indorsed upon the writ. The mistake in the indorsement upon the copy of the summons served upon the defendant would render the judgment voidable only—not void. (*Dutton v. Hobson,* 7 Kas. 196; id. 285.) Section 11, chapter 81, provides: "If the defendant fail to appear, judgment shall not be rendered for a larger amount [the amount indorsed upon the writ] and the costs." In this case the judgment was not rendered for any amount larger than that sued for and indorsed upon the orig-

inal summons.   The original opinion was promulgated upon the belief that the indorsement upon the original summons was for a less amount than the judgment rendered; and therefore it was held that the judgment in excess of the indorsement on the writ was void.   At the time that opinion was written, we understood that the copy of the summons served upon the defendant was a true copy of the original summons, and therefore that the indorsement upon the original summons was of the same amount as the indorsement upon the copy.   A reëxamination of the record convinces us that we were mistaken as to the evidence introduced upon the trial; therefore the judgment heretofore entered in this court will be vacated, and the judgment of the district court will be affirmed.

All the Justices concurring.