## SIMON SIMPSON V. THE RICE, FRIEDMAN & MARKWELL COMPANY.

1. BOND FOR COSTS — *What is Necessary — What Not.* There is no necessity that a bond, given before the commencement of an action, to secure the payment of costs, properly subscribed by the obligors, should recite their names in the body of the obligation; nor is it necessary that it should be signed by the plaintiff, in whose behalf it was given; nor will it be held invalid for the reason that the liability of the obligors is not fixed at a stipulated sum, where they bind themselves to pay all the costs, as the statute requires, or because the clerk fails to require the sureties to justify as to their qualifications.

2. SUMMONS — *Amount Claimed Not Indorsed — Judgment Entered — No Error.* When the petition and *præcipe* were filed, a summons was issued by the clerk, on which he failed to indorse the amount for which judgment would be taken if the defendant did not answer. On the following day the plaintiff caused a summons, properly indorsed, to be issued and served. No answer nor demurrer having been filed, the plaintiff moved for judgment, when the defendant objected to the entry of judgment, because the amount claimed was not indorsed on the original summons. The objection was overruled, and judgment entered. *Held,* Not error.

*Error from Cloud District Court.*

THE opinion states the facts. Judgment for the plaintiff *Company* for $708.21, together with costs, on March 14, 1887. The defendant *Simpson* brings the case here.

*L. J. Crans,* for plaintiff in error.

*Laing & Wrong,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action brought by Rice, Friedman & Markwell Company against Simon Simpson, to recover the sum of $708.21. An order of attachment was issued at the commencement of the action, which was levied upon the property of Simpson. In default of answer or demurrer, judgment was awarded to the plaintiff for the full amount asked. Simpson instituted a proceeding in error, and claims that the court erred in overruling a motion made by

him to quash the summons, and also in rendering a judgment against him. A motion was made by him to quash the summons and dismiss the action, for the reason that no sufficient bond for costs was given, and no deposit or affidavit of inability made. At the time of filing the petition, the plaintiff filed the following cost-bond:

"STATE OF KANSAS.—IN THE CLOUD COUNTY DISTRICT COURT.—*Rice, Friedman & Markwell Co.*, Plaintiff, *v. S. Simpson*, Defendant.—We, Rice, Friedman & Markwell Co., as principal, and —— as suret—, do hereby undertake and do acknowledge ourselves bound to the said S. Simpson, defendant, or to whomsoever else shall become entitled to any of said costs, that the said plaintiff, ——, will pay all costs that may accrue in this action in case it shall be adjudged to pay them; or, in case the same cannot be collected from the defendant, ——, if judgment be obtained against him, that the plaintiff will pay the costs made by such plaintiff.

"Witness our hands, this 13th day of Decr., 1886.

RICE, FRIEDMAN & MARKWELL CO.

By LAING & WRONG, their Attys.

F. J. ATWOOD.

"Approved Dec. 13, 1886. C. F. HOSTETLER, Clerk.

"Filed Dec. 13, 1886. C. F. HOSTETLER."

The objections to the obligation are that some of the blanks are unfilled, that plaintiffs signed by their attorneys, and that no amount is named in which the obligors are bound. None of the objections are sufficient to sustain the motion to quash the summons. There is no necessity that the obligors' names should be recited in the body of an obligation which has been properly signed. The whole of the language used in the instrument is to be taken into consideration; and when the bond in this case is so considered, no doubt can arise as to who was bound, or as to the conditions and nature of the obligation. As to the execution, it would seem that an attorney employed generally to bring and prosecute an action could sign the client's name to a cost-bond. The general rule is, that he is to be regarded as having authority to do in behalf of his client all acts incidental or necessary to the prosecution and management of the litiga-

tion. But we need not decide as to this authority, as a bond is not required to be signed nor executed by the plaintiff. If one is furnished in behalf of the plaintiff, and filed with the clerk of the court, the statute is complied with and the obligation valid. (Civil Code, § 580a; *The State, ex rel., v. Eggleston,* 34 Kas. 714.) Neither is it necessary that the liability of the obligors should be fixed at a stipulated sum. (*Gold Co. v. Ore Co.,* 79 N. C. 48.) It is a statutory obligation, and many of the requirements of the common law are dispensed with. In some of the statutory bonds required in judicial proceedings the amount in which they must be given is prescribed, and probably should be stated in the obligation; but in a bond to secure the payment of costs the statute does not fix the extent of liability, nor require that it should be in a stated amount. It prescribes that the bond shall be —

"Conditioned that the plaintiff or plaintiffs will pay all costs that may accrue in said action in case he or they shall be adjudged to pay them; or in case the same cannot be collected from the defendant or defendants if judgment be obtained against him, her, or them, that the plaintiff or plaintiffs will pay the costs made by such plaintiff or plaintiffs." (Civil Code, § 580a.)

It will be observed that the obligation given substantially conforms with the statute; and none of the defects named, nor the fact that the clerk failed to require the sureties to justify as to their qualifications, will destroy the validity of the bond.

The next claim is, that judgment was illegally entered because the clerk did not indorse on the summons the amount for which judgment was to be taken, as the statute requires. Two summonses were issued in the case: the first was issued December 13, 1886, when the petition was filed, and the return made by the officer showed that it was served December 14th; but the clerk failed to indorse thereon the amount claimed by the plaintiff. There is some dispute as to when the second summons was issued, but the testimony tends to show that it was both issued and served on December 14th; and on this one there was a proper indorsement. The one first issued can

2. Summons—amount claimed not indorsed—judgment entered—no error.

hardly be regarded as absolutely void; but even if it should, the second one, being unquestionably good, authorized the judgment that was rendered, and hence the objection to the first one is immaterial.

It seems that an order of attachment was issued on December 13th, one day prior to the issuance of the second summons, and it is claimed that the order was void because it was issued before the commencement of the action. It is urged that as an attachment cannot issue until at or after the commencement of the action, and that as an action is commenced by the filing of a petition and causing a summons to be issued thereon, the order of attachment issued in advance of the second summons was void and was not cured by a subsequent issuance of a valid summons. It cannot be conceded that the omission of the clerk to indorse on the summons the amount for which judgment would be taken is such a defect as to invalidate the order of attachment issued at the same time, where a proper *præcipe* was filed with the clerk, and especially where the attempt to commence the action has been followed up by the plaintiff with a faithful, proper and diligent effort to procure a service, as was done in this case. But the validity of the attachment is not really presented for decision in the case. The order was not assailed in the district court for the reason that it was prematurely issued, or on any other ground. No motion was made to vacate the attachment, and the objection to the entry of judgment did not challenge the validity of the order. A corrected summons had been issued long before the entry of judgment; and granting that one was necessary, it undoubtedly is sufficient to sustain the judgment that was entered.

Judgment affirmed.

All the Justices concurring.