## D. C. DUSENBERRY v. E. BENNETT et al.

### No. 341.

JUDGMENT, *Voidable Only — Summons not Indorsed.* In a civil action on contract for the recovery of money only, where there is no indorsement upon the summons of the amount for which judgment will be taken if the defendant fails to answer, as provided by section 54, chapter 95, General Statutes of 1897, and the defendant does not appear therein, a judgment rendered upon the service of such summons is voidable only, and not absolutely void.

Error from Shawnee district court; Z. T. HAZEN, judge. Opinion filed May 4, 1898. Affirmed.

*Edwin A. Austin,* for plaintiff in error.

*Quinton & Quinton,* for defendants in error.

The opinion of the court was delivered by

WELLS, J. : This action was brought by Dusenberry against E. Bennett and E. R. Bennett, copartners as E. Bennett & Son, on an indorsement upon a promissory note. The petition and precipe were filed on June 18, 1894. The summons was issued returnable according to law, but with no amount indorsed thereon

for which, with interest, judgment would be taken if the defendants failed to answer. No appearance was made by either of the defendants in the district court, and, on July 30, 1894, judgment was rendered for plaintiff, upon default, for $1200 and costs of suit. Afterward, on March 28, 1895, the defendants, Bennett & Son, appeared by their attorneys and moved to set aside and vacate the judgment, for the alleged reason that the judgment was void because no amount was indorsed upon the summons for which plaintiff would take judgment if the defendants failed to answer, and because no amount was named in the precipe.

Afterward the plaintiff filed his motion for leave to amend the summons by indorsing thereon the amount of the plaintiff's claim as prayed for in his petition. These two motions came on for hearing, and the evidence offered on the hearing was the files and exhibits in the case, together with an affidavit of E. A. Austin setting forth that the failure to indorse the amount on the summons and precipe was through the mistake and inadvertence of the plaintiff, and further setting up that the defendants did not have or claim to have any valid or other defense to the demand sued on. The court overruled the motion of the plaintiff to be permitted to amend the summons by indorsing thereon the amount for which judgment would be rendered if the defendants failed to answer, sustained the motion of the defendants, ordered and adjudged that the judgment be set aside and vacated, and taxed the costs to plaintiff. To all of this the plaintiff excepted.

The plaintiff in error presents his petition in error and case made to this court for review, averring: (1) That the court erred in finding the judgment void;

Dusenberry v. Bennett.

( 2 ) that the court erred in overruling the plaintiff's motion to amend the summons by indorsing the amount of plaintiff's claim as stated in the petition ; ( 3 ) that the court erred in sustaining the defendants' motion to vacate the judgment.

The plaintiff in error contends that, as the summons contained all that is required to bring the defendants into court, and all that is required to be under the hand and seal of the court, the omission did not relate to the efficacy of the summons, nor to the service to bring the defendants within the jurisdiction of the court ; that such a summons would have authorized a personal judgment against the defendants in many actions, and that in this action it fully authorized the judgment against the defendants for costs.  The defect, therefore, was not a jurisdictional one, as regards the conferring of jurisdiction over the person of the defendant, but was a restraint on the action of the court, which, if ignored, was an "irregularity in obtaining a judgment" if attacked in that court, and "error" if attacked by proceedings in error.  The plaintiff in error calls our attention to section 139, chapter 95, General Statutes of 1897, authorizing amendments, which reads :

"The court may, before or after judgment, in furtherance of justice and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party, or correcting a mistake in the name of the party, or a mistake in any other respect, or by inserting other allegations material to the case, or conform the pleading or proceeding to the facts proved, when such amendment does not change substantially the claim or defense ; and when any proceeding fails to conform in any respect to the provisions of this code, the court may permit the same to be made conformable thereto by amendment."

The supreme court, in *Foreman v. Carter*, 9 Kan. 674, has said : "Again, it is objected that the court could not permit amendments to be made after judgment by default, so as to confer jurisdiction. Doubtless this is true. You cannot amend a party into court, after judgment by default, without summons, service, or notice." That this is an action on contract for the recovery of money only there is no question. Section 54, chapter 95, General Statutes of 1897, in part reads :

"Where the action is on contract for the recovery of money only, there shall be indorsed on the writ the amount ( to be furnished in the precipe ) for which, with interest, judgment will be taken if the defendant fail to answer. If the defendant fail to appear, judgment shall nöt be rendered for a larger amount, and the costs."

The vital question presented for the consideration of the court is, whether or not the judgment as rendered was void. If the judgment was void, the court properly sustained the motion of the defendants to vacate and set aside the judgment ; while if it was irregular only, and not absolutely void, it could only be vacated by proceedings in error. We have not been able to find any decision of our supreme court that authoritatively settles this question. It is argued by the defendant in error that such is the effect of *Bassett v. Mitchell*, 19 Pac. Rep. 671, but as this decision was afterwards reversed (*Bassett v. Mitchell*, 40 Kan. 549, 20 Pac. Rep. 192), although upon another issue, and was not officially reported, it can hardly be claimed as authority. On the other hand, the plaintiff in error refers us to the opinion in *Simpson v. Rice*, 43 Kan. 24 (22 Pac. Rep. 1019), in which the court, referring to a summons issued without any indorsement, as in the case at bar, said : "The one first issued can hardly be

Dusenberry v. Bennett.

regarded as absolutely void.'' This is the last expression of the supreme court upon the subject that we have been able to find. The decisions of the courts of other states are conflicting and the authorities upon the subject are far from harmonious, but a majority of this court are of the opinion that the failure to indorse upon the summons the amount for which the plaintiff will take judgment if the defendant fail to answer is an error only, and does not deprive the court of jurisdiction of either the parties or of the subject-matter; and that a judgment rendered upon the service of such a summons is not absolutely void, but voidable.

The judgment of the court below is reversed, and further proceedings directed in harmony with this opinion.

MAHAN, P. J., concurring.

McELROY, J. (dissenting) : I cannot concur in the opinion of the majority of the court expressed in this case. This was an action on contract for the recovery of money only, and there was not indorsed on the writ the amount for which, with interest, judgment would be taken if the defendant failed to answer. The majority of the court reject the opinion of the supreme court expressed in *Bassett v. Mitchell*, 19 Pac. Rep. 671. It is true that this decision was reversed, but the principles of law therein announced were not repudiated. When the case was first before the court, the opinion was written with the belief that the indorsement on the copy was the same as that on the original summons; hence, the court said that the judgment in excess of the amount indorsed upon the copy was void. On a rehearing, the court discovered from a further examination that the original summons

was properly indorsed, and the mistake occurred in the copy only. The court therefore was of the opinion that, inasmuch as the original summons was properly indorsed, the failure to indorse the copy rendered the judgment voidable only.

In *Simpson v. Rice*, 43 Kan. 22 (22 Pac. Rep. 1019), the plaintiff filed his petition and precipe and caused a summons to be issued, which had no amount indorsed thereon for which he would take judgment if the defendant failed to answer. After the service and return, an *alias* summons was issued, properly indorsed, which was duly served. The court says :

"There is some dispute as to when the second summons was issued, but the testimony tends to show that it was both issued and served on December 14 ; and on this one there was a proper indorsement. The one first issued can hardly be regarded as absolutely void ; but even if it should, the second one, being unquestionably good, authorizes the judgment that was rendered, and hence the objection to the first one is immaterial."

It is true that the court intimates in this case that the first summons was not void ; the decision, however, does not rest upon the validity of that summons.

The vital question presented for the consideration of the court is as to whether the omission of the indorsement rendered the judgment void. The test in such a case is whether the omission is of the substance of the act required to be performed ; if of the substance, then the judgment is a nullity ; if of form, only an irregularity. In an action on contract for the recovery of money only, there shall be indorsed on the writ the amount for which, with interest, judgment will be taken if the defendant fail to answer. The statute ( Gen. Stat. 1897, ch. 95, § 54) expressly declares : "If the defendant fail to appear, judgment

shall not be rendered ·for a larger amount, and the ·costs.'' I am of the opinion that the district court is without jurisdiction to render any judgment, in an action on contract for the recovery of money only, where no amount is named in the precipe nor indorsed on the summons. The failure to name the amount in the precipe and have the same indorsed on the summons is of the substance. The statutory provision is mandatory, and where the defendant thus summoned fails to make an appearance, in an action on ·contract for the recovery of money only, if no amount is stated in the precipe or indorsed on the summons, no judgment can be rendered against him.