TOOTLE, HANNA & Co. *et al.* v. JOHN G. ELLIS *et al.*

No. 12,364.     (65 Pac. 675.)

SYLLABUS BY THE COURT.

1. CIVIL PROCEDURE—*Indorsement on Summons—Injunction.* The collection of a judgment rendered on the service of a summons regular in all respects, except that it had no amount indorsed thereon for which judgment would be taken in case the defendant failed to answer, said summons being in an action for the recovery of money only, and the defendants not appearing therein, should not be enjoined, where it was not shown in the injunction proceeding that the defendant had a valid defense, in whole or in part, to the original cause of action.

2. ——— *Judgment not Void.* The failure to indorse on the summons, regular in other respects, the amount for which judgment will be taken in case the defendant fails to appear, in an action for the recovery of money only, does not render the judgment rendered in such action void, so that its collection may be enjoined.

Error from Osage district court; WILLIAM THOMSON, judge. Opinion filed July 6, 1901. Division two. Reversed.

*Edwin A. Austin, Chas. S. Briggs,* and *Pleasant & Pleasant,* for plaintiffs in error.

*Harvey & Harvey,* for defendants in error.

Tootle v. Ellis.

The opinion of the court was delivered by

CUNNINGHAM, J. : Tootle, Hanna & Co. sued Ellis & Co. in the district court of Osage county, Kansas, their cause of action being on four promissory notes executed by the defendants. A summons was issued, regular in all respects, except that "the amount for which, with interest, judgment would be taken if the defendant failed to answer" was not indorsed thereon. The precipe for summons filed by the plaintiffs did not request that it should be indorsed. Judgment was rendered for $1200, by default, on November 18, 1885. This judgment was kept alive, and on October 13, 1897, execution was issued thereon and duly levied upon the non-exempt lands of the defendants. They then brought this action against the sheriff and the judgment creditors to declare said judgment to be null and void and to enjoin the selling of the land levied on and the collection of the judgment. In this injunction action, the pleadings, summons and judgment in the first action were fully set out. The petition also contained an allegation that the plaintiffs had a valid defense to the original action brought by Tootle, Hanna & Co. A demurrer to this petition was overruled, and the defendants answered by a general denial. Upon the trial no evidence was offered by the plaintiffs in support of their allegation that they did not owe the notes sued on in the original action, in whole or in part, or that they had any defense whatever to them. The court awarded the plaintiffs judgment, and declared the former judgment void, and enjoined the collection of it in any manner.

These facts present two questions : (1) Admitting the judgment to be void by reason of the omission to

indorse on the summons the amount for which, with interest, judgment would be taken if the defendants failed to answer, may defendants in error have the collection of such judgment enjoined without showing that they have a defense, in whole or in part, to the original action? (2) Did the failure to make such indorsement render the judgment void? We answer both in the negative.

The execution of a judgment may not be enjoined simply because no sufficient summons was served, unless it is shown that the defendant had a defense, in whole or in part, to the judgment rendered. Some cases hold that, in cases where no process at all has been served on the defendant the collection of the judgment may be enjoined without showing a defense to the original action, but a large preponderance of the authorities hold that, notwithstanding an alleged want of service of process, a court of equity will not interfere to set aside a judgment until it appears that the result, upon a subsequent trial, will be other than, or different from, that already reached; or, in other words, that there was a defense to the action, either entire or partial. (Freem. Judg. § 489, and cases cited.) The general principle, as laid down in High on Injunctions, section 114, is that it must be shown to be against good conscience to execute the judgment sought to be enjoined.

In this case a summons was served, issued under the hand of the clerk and the seal of the court. It informed the defendants that they had been sued, and that they must answer the petition by a given time. This gave the court jurisdiction of them. The judgment rendered therefor was not void. They might have taken advantage of the omission of the indorsement had they chosen so to do by some movement in

the case.   This they did not do.   They paid no attention to the information contained in the summons that they had been sued.   They gave no heed to the warning of the court that they must answer.

True, the statute adds that if the defendants fail to answer, judgment shall not be rendered against them for a larger amount than that indorsed on the summons and costs, but this is not a part of the summons; it is but an indorsement on the summons. The summons gets the party into court.   Its service gives jurisdiction of the party to the court.   The party being thus in court, he must defend his rights and protect his interests, as is permitted by the rules of procedure.   Most of the rights given to litigants by statute, and most of the safeguards thrown around them, may be thrown away if they choose so to do, or neglect to avail themselves of those provisions.

This court, in *Simpson v. Rice*, 43 Kan. 22, 22 Pac. 1019, strongly intimated that the view here taken was the correct one.   We now follow that intimation, and hold that the judgment in the case of Tootle, Hanna & Co. against Ellis & Co. was not void, and hence, if for no other reason, the levy and sale of real estate under an execution to enforce it could not be enjoined. (*Dusenberry v. Bennett*, 7 Kan. App. 123, 53 Pac. 82.)

The judgment of the district court will be reversed, with instructions to proceed further in harmony with this opinion.

SMITH, ELLIS, JJ., concurring.