J. W. LAWTON v. J. B. NICHOLAS, *as sheriff of Custer County,*
THE TERRITORY OF OKLAHOMA, *for the benefit of Cus-*
*ter County,* THE COUNTY OF CUSTER, AND H. P. GROW,
ELI WOOD, AND T. B. CAMPBELL, *as Commissioners of*
*Custer County.*

(Filed June 6, 1903.)

1. JUDGMENT—Excessive. The fact of a judgment being excessive
does not render such judgment void;   it is at most only voidable
as to such excess.

2. SUMMONS—Return. A summons made returnable more than ten
days from the date of its issue is not for this reason void, where
the answer day is fixed in the summons at twenty days after the
return day; and a judgment rendered thereon is not void, and can-
not for such irregularity be enjoined.

3. SAME—Endorsement on—Judgment—Void, When. A summons in
an action for the recovery of money only should have endorsed
thereon the amount for which judgment will be rendered if the de-
fendant fails to appear.   Summons without such endorsement is suf-
ficient to give the court jurisdiction of the person and of the sub-
ject matter, and the judgment rendered thereon is not void, but
is voidable only, and execution to enforce such judgment cannot
be enjoined.

(Syllabus by the Court.)

*Error from the District Court of Custer County; before Clin-*
*ton F. Irwin, Trial Judge.*

*J. A. Smith,* for plaintiff in error.

*E. W. Wilcox,* for defendants in error.

## STATEMENT OF FACTS.

On the 8th day of November, 1892, H. E. Van Trees was elected county treasurer of G (now Custer) county, and on the 13th of December following duly qualified as such county treasurer, having previously filed his bond in the sum of $25,000, with J. W. Lawton (the plaintiff herein) and several others thereon as sureties. The bond was accepted and approved by the county commissioners of said county, and thereupon, said Van Trees entered upon his duties as such county treasurer, and served as such for the term of two years, at which time his successor was elected and qualified.

Van Trees, as such treasurer, made default in accounting for some of the moneys by him received, and in January, 1897, a suit was instituted in the district court of Custer county to recover such shortage in which action the plaintiff herein was named as one of the defendants.

A summons was issued in said action, tested on the 3rd day of March, 1897, made returnable March 15, 1897, and no endorsement was made on the back of the summons of the amount for which judgment would be taken if the defendant failed to appear, and defendant Lawton failed to appear. Such proceedings were thereafter had in that action that a judgment was therein rendered against all the defendants therein named, including this plaintiff, which judgment was brought to this court on appeal by defendants and the judgment therein affirmed. (7 Okla. 353.)

Thereafter execution was issued upon said judgment and placed in the hands of the sheriff of said county who was about to levy the same upon the property of the present plain-

tiff, J. W. Lawton, whereupon this action was instituted to enjoin the enforcement of said judgment, to have the same decreed to be void as to him, and to remove the cloud cast by such judgment upon the real estate by him owned.

This action was commenced in the district court of Custer county against the sheriff and the county commissioners of said county, and to the petition therein filed defendants filed a general demurrer; and the cause being presented upon the issues thus formed, at the September, 1901, term, the demurrer was by the court sustained, from which action sustaining the demurrer the present appeal is taken.

The petition in the present case sets out the petition and proceedings in the case of the *Territory v. Van Trees et al.* in full, including the summons therein issued and served upon him, which summons reads as follows:

"TERRITORY OF OKLAHOMA, CUSTER COUNTY, ss.

"The Territory of Oklahoma to the Sheriff of Custer County, Greeting:

"You are hereby commanded to notify J. W. Lawton that he has been sued in the district court, within and for the county of Custer, in Territory of Oklahoma, in the Second judicial district of the Territory of Oklahoma, and must answer the petition filed by the plaintiff, the Territory of Oklahoma, on or before the 10th day of April, 1897, or the said petition will be taken as true and judgment rendered accordingly. And return this writ on the 15th day of March, A. D., 1897.

"In witness whereof I have hereunto signed my name and affixed the seal of said court at my office in Arapahoe in said county, this 3rd day of March, A. D., 1897.

"J. H. WARREN, Clerk of the District Court.
"By A. H. LATIMER, Deputy."

Endorsements thereon:

"Summons. Territory of Oklahoma for the use of Custer county, plaintiff, v. H. E. Van Trees *et al.*, defendant. If the defendant fail to answer, the plaintiff will take judgment for ———————— dollars, with interest at the rate of 7 per cent. per annum from the 7th day of January, 1895, and costs of suit.

"J. H. WARREN, Clerk.

"By A. H. LATIMER, Deputy."

"Note. If the defendant fails to appear judgment cannot be rendered for a larger amount and the costs. (G. S. 1868, ch. 80, sec. 59) issued March 3, 1897."

And this, it is alleged, is the only summons or process issued or served upon him in that action, upon which the judgment therein was based.

It is further alleged that no appearance was entered in said cause by or on the part of the plaintiff herein, and that at the October, 1897, term of said court, a judgment was therein rendered and entered, which judgment is in the words and figures following, to-wit:

"Territory of Oklahoma for the use of the County of Custer, v. H. E. Van Trees *et al.* In the district court of the 2nd judicial district of Oklahoma Territory, setting in and for Custer county, 9th judicial day of the regular October, A. D., 1897, term of said court:

"Now comes this cause regularly for trial and it appearing to the court that it was necesseary to examine the defendant, H. E. Van Trees, as a witness for the plaintiff and required the examination of the account. The cause was referred to J. H. Warren as referee and the referee having heard and examined the cause and made his report which is exam-

ined by it, is by the court ordered that the report of the referee be and is hereby approved.

"Now, therefore, it is by the court ordered, adjudged and decreed that, the plaintiff, the Territory of Oklahoma for the use of the county of Custer, do have and recover judgment against the defendants, H. W. Van Trees, W. F. Cabaniss, G. E. Morris, Chas. Smith, P. H. Heard, Gille and Watts, ——Gille, P. S. Watts, J. W. Lawton, W. J. Mathews, P. H. Gallion, F. U. Salyer, J. A. Vance and each of them for the sum of $1,100.00 with interest at the rate of 7 per cent. per annum from January 1st, 1893, making a total of $1,467.00 and cost of this action, taxed at the sum of $———— for all of which let execution issue.

That the original files in said cause are lost, and that said judgment appears on its face to be valid. That plaintiff herein is the owner of certain real estate situate in Custer county, Oklahoma, to-wit: Lot 7, block 16, in the city of Arapahoe. That there has been issued an execution on said judgment and the same is now in the hands of J. B. Nicholas, as sheriff of Custer county, aforesaid, and said sheriff is threatening and about to levy the same upon the property of the plaintiff, and to sell the same to satisfy the said execution.

To this petition defendants interposed a demurrer in the words following:

"Now comes the defendants by their attorneys, and demur to plaintiff's petition as filed herein, for the reason that the same does not state a cause of action to support the injunction and restraining order as therein prayed for, or authorize the granting of the same; wherefore defendants pray that said cause be dismissed and that they be adjudged their costs herein."

The cause coming on for hearing upon the issue thus made by the demurrer, judgment was rendered sustaining the demurrer, and dismissing the action; and from this action the appeal is taken. Affirmed.

Opinion of the court by

GILLETTE, J.: It is contended on behalf of the plaintiffs in error in this case that the judgment complained of is void, and that therefore execution to enforce the same may be enjoined, and the grounds upon which he relies as a basis for this contention are threefold. First, that the judgment is excessive, being for the principal amount of indebtedness and interest from January 1, 1893, when it should have been (if for any sum) for the principal amount of the debt and interest from January 1, 1895, being therefore two years interest in excess of what it should have been. Second, that the summons issued in the case did not have endorsed thereon the amount for which the plaintiff would take judgment in case the defendant failed to appear; and third, that the return day named in the summons was more than ten days from the date of issue, having been issued on the 3rd day of March, 1897, and made returnable on March 15, 1897, and the answer day being set for April 10, 1897.

We pass the question as to whether or not execution issued to enforce a void judgment may be enjoined and content ourselves, for the purpose of determining this case, with a consideration of the question as to whether or not the defects complained of are sufficient to render the judgment void.

The petition in this case sets forth only one ground for injunction, viz: That the judgment complained of is void

for want of jurisdiction of the person of defendant, on the ground that the summons issued was not endorsed with the amount for which the plaintiff would take judgment in case -of default, and this is the only question that the trial court had before it in determining the case. The fact that the judgment was excessive was not complained of in the petition passed upon, nor is there any complaint of the sufficiency of the summons other than that it was not endorsed with the amount for which judgment would be taken.

The questions that the judgment was excessive and that the return day in the summons was a day later than the time allowed by statute are raised for the first time in this court.

It has been so repeatedly determined by appellate tribunals that appellate courts will not pass upon questions raised for the first time on appeal, that we think citations of authorities to that effect unnecessary.

We unhesitatingly say, however, with reference to the question of judgment being excessive, that the existence of such fact does not render a judgment void. It is at most only voidable as to such excess, and with reference thereto there is a plain and adequate remedy, and this fact, therefore, presents no ground for injunction.

With reference to the question raised in this court, to-wit: That the summons was made returnable more than ten days from the date of its issue, we think there is also no ground for complaint. The statute requires the sheriff to make return of the writ within ten days from the date of its issue and under the statute the answer is due twenty days

thereafter, while in this case the summons gave the officer twelve days in which to make his return and the defendant twenty-six days thereafter in which to answer.

This is at most a mere irregularity by reason whereof the defendant was in no way prejudiced, and the judgment was not void by reason of this fact. Possibly upon motion on account of such irregularity the trial court might rightfully have set it aside and required the service of a new summons in exact compliance with the statute; but in the absence of complaint with reference thereto no notice was taken of it and the sufficiency of such summons on this ground cannot be raised for the first time in this court, and if raised in the court below, would not offer sufficient ground upon which to enjoin the execution of a judgment otherwise valid.

We come now to the most important question in this case, to-wit: That the judgment is void by reason of the failure to have endorsed on the summons the amount for which judgment would be taken. The statute (sec. 59, art. 6 of chap. 66) provides what shall be contained in a summons and how it shall be issued and served, and further provides that:

"When the action is on contract for the recovery of money only, there shall be endorsed on the writ the amount, to be furnished in the præcipe, for which, with interest, judgment will be taken, if the defendant fail to answer.

"If the defendant fail to appear, judgment shall not be rendered for a larger amount and costs."

Without endorsement on the summons of the amount for which judgment will be taken if the defendant failed to appear, upon default of appearance by the plaintiff in error

herein, the court rendered judgment against him for the sum of $1,467. Execution to enforce this judgment is sought to be enjoined upon the ground that such judgment is void. The petition for injunction does not show or allege that plaintiff in error has or had at the time of rendition of judgment against him any defense whatever to the cause of action upon which judgment was rendered. Injunction is sought upon the exclusive ground that the judgment is void because of such alleged defect in the summons.

Was the same void for such reason? After a review of the authorities we conclude that this question must be answered in the negative.

Many respectable authorities hold that a judgment so rendered is void, some of them upon statutes identical with ours, notably the supreme court of Nebraska. In Colorado it is held, under the statute requiring the amount sued for to be set out in the body of the summons, that unless it is set out judgment cannot be rendered against the defendant, and the same holding has been made by the supreme court of California. The decision of the last two named courts, however, are not an authority for a determination under our statute, as the statute does not require the amount to be set out in the body of the summons. Under our statute where the action is for the recovery of money only, the amount sought to be recovered should be endorsed on the summons. but there are many actions which do not require this endorsement, and in such actions the defendant when notified that he has been sued must come into court and ascertain for himself the character of the action, and the relief demanded.

It will be seen therefore that the endorsement required

·on the back of the summons is not necessary to give the court jurisdiction of the person of the defendant. In this case by the service of the summons the court acquired jurisdiction ·of the subject-matter, and of the person of the defendant.

Being in court, subject to the jurisdiction of the court, it was his duty to speak if there was any action on the part of the court with reference to which he had objections or exceptions, and in the absence of objections and exceptions the action of the court is voidable only.

Our statute is borrowed from the state of Kansas, and this precise question has been before the courts of that state in several forms.

In *Bassett v. Mitchell,* 19 Pac. 670, it was held that:

"When a defendant fails to appear in a justice court, judgment cannot be rendered against him for an amount larger than that endorsed upon the copy of the summons served upon him. Any judgment in excess may be enjoined."

This case was again before the court on a motion for a rehearing, (40 Kan. 549; 20 Pac. 192), and upon rehearing the court held that the summons being properly endorsed and the error being that of the constable in making the copy served, the error could only be taken advantage of by motion.

In *Beverly v. Fairchilds,* cited by plaintiff in error, (27 Pac. 985), the court had this statute under consideration in an action for the foreclosure of a mortgage. Chief Justice Horton, speaking for the court, said:

"Therefore we think in this case, considering the action and judgment rendered, that the failure to endorse the summons did not make the judgment void. If the plaintiffs in the

original action had wholly disregarded the mortgage and brought their action against Beverly only upon his promise to pay the notes secured by the mortgage, the action then might have been considered one for money only, and in such a case an endorsement of the summons would have been necessary."

It is not here determined that the judgment would be void if the action was for money only, but it is held that such endorsement is necessary where the action is for money only. To what extent it is necessary is left undetermined, and we conclude that the defendant being in court, upon his own motion such summons would have been set aside when it was made to appear to the court that there had not been a strict compliance with the statute in the issuance of the same.

In *Simpson v. Rice*, 22 Pac. 919, Mr. Justice Johnston, speaking for the court, says:

"The next claim is that judgment was illegally entered, because the clerk did not endorse on the summons the amount for which the judgment was to be taken.

"Two summonses were issued in the case. The first was issued December 13, 1886, when the petition was filed, and the return made by the officer showed that it was served December 14; but the clerk failed to endorse thereon the amount claimed by the plaintiff. * * * *

"The first one issued can hardly be regarded as absolutely void. * * * *

"It cannot be conceded that the omission of the clerk to endorse on the summons the amount for which judgment would be taken is such a defect as to invalidate the order of attachment issued at the same time, where a proper præcipe was filed with the clerk, and especially where the attempt to commence the action has been followed up by the plaintiff

with a faithful, proper and diligent effort to procure a service, as was done in this case."

The foregoing expressions of Mr. Justice Johnston contain a strong intimation that a judgment rendered on such service of summons would not be void; and in *Dusenberry v. Bennett et al.* 53 Pac. 82, the Kansas court of appeals for the northern department held that a judgment so rendered would be voidable only; and in discussing the case use the following language:

"That this is an action on contract for the recovery of money only there is no question. * * * * The vital question presented for the consideration of the court is whether or not the judgment as rendered was void. If the judgment was void, the court properly sustained the motion of the defendants to vacate and set aside the judgment; while if it was irregular only, and not absolutely void, it could only be vacated by proceedings in error. We have not been able to find any decision of our supreme court that authoratively settles this question. It is argued by the defendant in error that such is the effect of *Bassett v. Mitchell,* 19 Pac. 671; but as this decision was reversed in 40 Kan. 549, 20 Pac. 192, although upon another issue, and was not officially reported, it can hardly be claimed as authority. On the other hand, the plaintiff in error refers us to the opinion in *Simpson v. Rice,* 43 Kan. 22, 22 Pac. 1019, in which the court referring to a summons issued without any endorsement, as in the case at bar, said: 'The one first issued can hardly be regarded as absolutely void.' This is the last expression of the supreme court upon the subject that we have been able to find. The decisions of the courts of other states are conflicting, and the authorities upon the subject are far from harmonious; but a majority of this court are of the opinion that the failure to endorse upon the summons the amount for which the plaintiff will take judgment if the defendant fail to answer is an

error only, and does not deprive the court of jurisdiction of either the parties or of the subject-matter, and that a judgment rendered upon the service of such a summons is not absolutely void, but voidable. The judgment of the court below is reversed, and further proceedings directed in harmony with this opinion."

The precise question now under consideration was before the supreme court of Kansas in *Tootle et al. v. Ellis et al.* 65 Pac. 675, in which case the court refers to the intimation contained in the *Simpson v. Rice,* 22 Pac. 1019, and affirms the same, citing *Dusenberry v. Bennett, supra,* and here hold that the judgment is not void, but voidable only. The court in so holding says:

"These facts present two questions: (1) Admitting the judgment to be void by reason of the omission to endorse on the summons the amount for which, with interest, judgment would be taken if the defendants failed to answer, may defendants in error have the collection of such judgment enjoined, without showing that they have a defense in whole or in part to the original action? (2) Did the failure to make such endorsement render the judgment void? We answer both of these questions in the negative. The execution of a judgment may not be enjoined simply because no sufficient summons was served, unless it is shown that the defendant had a defense in whole or in part to the judgment rendered. Some cases hold that in cases where no process at all has been served on the defendant the collection of the judgment may be enjoined without showing a defense to the original action, but a large preponderance of the authorities hold that, notwithstanding an alleged want of service of process, a court of equity will not interfere to set aside a judgment until it appears that the result will be other or different on a subsequent trial from that already reached, or, in other words, that there was a defense to the action, either entire or partial;

(Freeman on Judgments. Sec. 489, and cases cited); the general principle being, as laid down in High, Inj., sec. 114, that it must be shown to be against good conscience to execute the judgment sought to be enjoined. In this case a summons was served,—a summons under the hand of the clerk and the seal of the court. It informed the defendants that they had been sued, and that they must answer the petition by a given time. This gave the court jurisdiction of them. The judgment rendered therefore was not void. They might have taken advantage of the omission of the endorsement, had they chosen to do so by some movement in the case. This they did not do. They paid no attention to the information contained in the summons that they had been sued. They gave no heed to the warning of the court that they must answer. True, the statute adds that, if the defendants fail to answer, judgment shall not be rendered against them for a larger amount than that endorsed on the summons and costs. But this is not a part of the summons. It is but an endorsement on the summons. The summons gets the party into court. Its service gives jurisdiction of the party to the court. The party, being thus in court, must defend his rights and protect his interests, as is permitted by the rules of procedure. Most of the rights given to litigants by statute, and most of the safeguards thrown around them, may be thrown away, if they shall choose so to do, or neglect to avail themselves of those provisions. This court in *Simpson v. Rice,* 43 Kan. 22, 22 Pac. 1019, strongly intimated that the view here taken was the correct one. We now follow that intimation, and hold that the judgment in the case of *Tootle, Hanna & Co. v. Ellis & Co.* was not void; and hence, if for no other reason, the levy and sale of real estate under an execution to enforce it could not be enjoined."

Our statute having been borrowed from the state of Kansas, the opinion of the supreme court of that state carries with it far greater significance than the opinions of the other

courts upon statutes not precisely the same as ours, and in laying down a rule to be followed in this territory, we approve and adopt this interpretation of the statute, because it is in accord with our own views of the significance of the statute, and with a just and reasonable administration of the law.

We therefore now announce the rule in this territory to be that a mere failure of the clerk to endorse the summons with the amount for which judgment will be taken if the defendant fails to appear, will not furnish ground to enjoin a judgment rendered therein, where no defense to the action is shown or alleged.

The judgment of the court below is affirmed.

Burford, C. J., concurs in the result, but not in the law or reasons as stated in the opinion; all the other Justices concurring.