No. 23,075.

J. F. GIGOUX, *Appellee*, v. CHARLES GRIFFITH, *Appellant*.

SYLLABUS BY THE COURT.

1. SUMMONS—*Effect of Omission of Indorsement on Summons of Amount Claimed.* An indorsement on a summons of the amount for which judgment will be taken if the defendant fails to answer, is only required where the action is on contract for the recovery of money, and only affects the entry of judgment if the defendant fails to appear and answer.

2. SAME—The omission of the indorsement on the summons was an irregularity but did not render the process void.

3. SAME—It was sufficient to constitute an attempt to commence an action and was equivalent to a commencement thereof since an alias summons was issued and served on the defendant within sixty days from the time the first summons was issued.

4. PROMISSORY NOTE—*Plaintiff a Bona Fide Holder in Due Course.* The evidence examined, and held to be sufficient to uphold the finding that the plaintiff was a *bona fide* holder in due course of the note upon which the action was brought.

Appeal from Miami district court; JABEZ O. RANKIN, judge. Opinion filed June 11, 1921. Affirmed.

*Frank M. Sheridan*, and *Bernard L. Sheridan*, both of Paola, for the appellant.

*B. J. Carver*, of Paola, *H. W. Danforth*, and *W. P. Kavanagh*, both of Denver, Colo., for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an appeal from a judgment rendered in favor of plaintiff, J. F. Gigoux, against Charles Griffith, upon a promissory note executed by Griffith to the Denver, Laramie & Northwestern Railroad, which had been transferred to plaintiff. The execution of the note was admitted but defendant alleged that it had been procured through

fraudulent representations of the payee.of which the plaintiff had knowledge, and that he was not a holder in due course. There was a further defense that the note was barred by the statute of limitations.

It was executed on September 4, 1911, payable six months after date, and the limitation period expired on March 4, 1917. Plaintiff's petition was filed on February 26, 1917, and a summons issued thereon was immediately served. After the service and on March 27, 1917, defendant moved to quash the summons on the sole ground that there was no indorsement upon it of the amount for which judgment would be rendered in case the defendant failed to answer. Without waiting for the disposition of the motion, the plaintiff on March 31, 1917, caused an alias summons to be issued on which the proper indorsement was made. On September 1, 1917, when the motion came on for hearing, the defect in the first summons was confessed and the motion sustained, but the court held that the action had been duly commenced before the bar of the statute of limitations had fallen. The contention of the defendant is that the first summons was void and that the action was not in fact commenced until the alias summons was issued, and it is insisted that when the plaintiff confessed the motion, the ruling sustaining it was a binding finality as to him.

An action is deemed to be commenced at the date of the summons which was served on the defendant, and an attempt to commence an action is equivalent to a commencement, when the plaintiff faithfully, properly and diligently endeavors to procure a service and the attempt is followed by service within sixty days. (Civ. Code, § 19.) As to the defect in the first summons, the pertinent code provision is:

"Where the action is on contract for the recovery of money, there shall be indorsed on the writ the amount to be furnished in the præcipe, for which, with interest, judgment will be taken, if the defendant fail to answer. If the defendant fail to appear, judgment shall not be rendered for a larger amount and the costs." (Civ. Code, § 60.)

The indorsement, as will be observed, is only required where the action is on contract for the recovery of money, and is only important in case of a default, and only affects the entry of judgment if the defendant fails to answer. If the defendant ignores the summons and fails to appear the judgment is limited to the amount indorsed on the summons, but if he

appears and answers, the provision is without application or effect. While the plaintiff confessed the motion to quash the first summons, he cannot be regarded to have admitted any more than the defect pointed out in the motion, which was the lack of the indorsement. Before the motion was submitted or confessed the plaintiff had caused the issuance and service of the alias summons. The summons first issued was at least notice to the defendant that an action had been commenced against him and to give the court jurisdiction over him. The omission of the indorsement was an irregularity, but the process was not void. (*Simpson v. Rice,* 43 Kan. 22, 22 Pac. 1019; *Dusenberry v. Bennett,* 7 Kan. App. 123, 53 Pac. 82; *Brock v. Francis,* 89 Kan. 463, 131 Pac. 1179.) It was certainly sufficient to constitute an attempt to begin an action which under the code is equivalent to the commencement thereof when followed by a faithful, proper and diligent effort to procure service and service is effected within sixty days. Here the alias summons properly indorsed and in legal form was issued and served within the sixty-day period allowed by the code. The action must therefore be deemed to have been commenced at the date of the first summons and at that time the limitation period had not expired.

The next contention is that the evidence shows that the plaintiff was not a holder in due course of the note in suit. That claim is based on the alleged fraud of the officers of the Denver, Laramie & Northwestern Railroad Company, and subsidiary companies, in procuring and negotiating the note in suit. The facts in the case are substantially the same as those brought out in two former cases that were here on appeal, and as the applicable rules of law were there fully stated, there is no necessity to restate them in this appeal. (*Gigoux v. Moore,* 105 Kan. 361, 184 Pac. 637; *Gigoux v. Henderson,* 107 Kan. 325, 190 Pac. 1092.) It appears that plaintiff gave full value for the note of defendant and acquired it before its maturity. The alleged fraud of the railroad company and those allied with it which were organized to promote the building of a railroad, consisted of representations of the officers and agents of the companies as to the equipment and other property of the railroad company, the purpose for which the money derived from the subscription of defendant and other stockholders was to be used and as to the financial condition

of the companies, which were said to have been false. Whatever may be the fact as to the representations made to secure the subscription note from the defendant, the evidence fails to show that plaintiff had any connection with the financial operation or management of the companies. He purchased some stock in the company, and was induced to make a loan of money to it, to secure which the defendant's notes and those of others were transferred to him. His connection with the company was that for a time he acted as a helper to a station agent, a freight checker, and later as an engine hostler. The testimony is that he had no knowledge of any fraud in procuring the note and that he acquired it without notice of any infirmity. Acording to the evidence there was little if any grounds even to arouse his suspicions of infirmity, and, as has been decided, the fact that he may have had a suspicion of infirmity and did not use ordinary diligence in following up the suggested facts is not enough to deprive him of the character of a *bona fide* holder. (*Gigoux v. Moore,* supra.) The testimony supports the finding of good faith in the transaction on the part of plaintiff and shows that he was a holder in due course.

We find nothing substantial in the objections to rulings on the admission of evidence nor in the exception to the overruling of the motion for a new trial.

The judgment is affirmed.