NORRIS ET AL. *v.* FROWINE ET AL.

*Judgments—Justice of peace erroneously endorsed summons—Section 10235, General Code—Default judgment not void, and execution thereon not enjoined.*

1. Section 10235, General Code, requires that a summons shall bear an indorsement of the amount for which plaintiff will take judgment. Failure to comply with this section, however, does not render void a judgment taken by default.

2. Where a justice of the peace erroneously indorsed upon a summons that the plaintiff claimed damages in the sum of $350, and a judgment by default was rendered for less than $300, the execution of such judgment can not be enjoined.

(Decided March 23, 1925.)

APPEAL: Court of Appeals for Lawrence county.

*Messrs. Irish & Riley,* for plaintiffs.
*Mr. John O. Yates,* for defendants.

---

[1] Judgments, 33 C. J. § 51; Justices of the Peace, 35 C. J. § 292; [2] Justices of the Peace, 35 C. J. § 319.

MAUCK, P. J. This action is heard upon a demurrer to the amended petition of the plaintiffs, by which they seek to enjoin the execution of a judgment in replevin rendered in the court of a justice of the peace. That the two of the plaintiffs against whom the judgment was rendered were served with process is not denied. It cannot be disputed that the amount of the judgment was within the statutory jurisdiction of the justice, and the appraisement of the property replevined was within the same limits.

The fact complained of is that the summons issued by the justice was such that his jurisdiction never attached. The particular defect thus pointed out was the indorsement made on the summons which read: "Damages claimed $350." It is not contended that the plaintiff's bill of particulars claimed more than $300 damages, or that any act of the plaintiff induced the erroneous indorsement. The record is accordingly clear that the plaintiff filed an action within the jurisdiction of the justice, obtained personal service on those whom he desired to sue, and recovered such a judgment as the statute authorized.

Section 10463, General Code, requires a summons to issue with a writ of replevin, and Section 10235, General Code, requires all summons issued by a justice of the peace to bear an indorsement of the amount for which the plaintiff will take judgment if the defendant fails to appear. The cases cited by counsel abundantly show that a failure to make the required indorsement is such irregularity as to warrant a reversal, if error is prosecuted from a default judgment where the in-

dorsement was not so made. We have, however, been cited to no authority that would warrant us in enjoining the execution of a judgment whose only imperfection consisted in the omission of the indorsement. It would seem clear that the law furnishes an adequate remedy by providing for a proceeding in error thereto. 15 Ruling Case Law, at page 864, thus puts it:

"Mere irregularities in the form of process or in the manner of its service do not render a judgment void and open to collateral attack, unless the defect is such as to amount to no service, and can only be of avail in a direct proceeding to set aside or quash the process. Thus an obvious mistake in the year in a return of summons will not affect the validity of a judgment based upon such summons. *Nor does the failure to indorse on a summons as required by statute the amount for which judgment would be taken if the defendant failed to answer make the judgment rendered in such action void.*"

Vanfleet's Collateral Attack, page 445, says:

"A judgment is not void because the copy of the summons left for the defendant was not indorsed with the amount for which plaintiff would take judgment upon failure to answer."

This is the view expressed by Mr. Freeman in his note to *Little Rock & Fort Smith Ry. Co.* v. *Wells*, 54 Am. St. Rep., 230, and is the direct holding in *Tootle* v. *Ellis*, 63 Kan., 422, 65 Pac., 675.

The other proposition urged, that the property in question was being used to unlawfully transport liquor, might have been an available defense before the justice. If of merit the court of the jus-

tice was competent to determine it. A court of equity cannot consider it in a collateral attack.

The demurrer is sustained and the amended petition is dismissed.

*Decree for defendant.*

SAYRE and MIDDLETON, JJ., concur.