Louise C. KOLP, Plaintiff in Error,

v.

The STATE of Oklahoma ex rel. The COM-
MISSIONERS OF the LAND OFFICE of
said State, Defendant in Error.

No. 36545.

Supreme Court of Oklahoma.

Jan. 15, 1957.

Rehearing Denied June 18, 1957.

As Amended June 21, 1957.

484

Leon S. Hirsh, Oklahoma City, A. H. Huggins, Norman, for plaintiff in error.

R. H. Dunn, A. M. DeGraffenried, N. A. Gibson, Oklahoma City, for defendant in error.

HALLEY, Justice.

December 1, 1951, Louise C. Kolp filed a motion to vacate a judgment on note and foreclosure of mortgage rendered against her in the District Court of Cleveland County, Oklahoma, on November 1, 1937, in favor of the State ex rel. The Commissioners of the Land Office, and resulting in a sale of the land, order of confirmation and sheriff's deed to the State.

The Commissioners demurred to the motion to vacate. Demurrer was sustained and motion dismissed when Louise C. Kolp elected to stand upon her motion to vacate. She has appealed from the order sustaining demurrer to her motion to vacate the judgment and sale proceedings had thereunder. She offered to satisfy the amount due the State if her motion to vacate was sustained.

The record shows that on April 29, 1937, the Commissioners filed a foreclosure action in the District Court of Cleveland County against Louise C. Kolp and others alleging that on August 15, 1929, she had executed a mortgage to secure the payment of a note for $5,500, bearing five per cent interest per annum, payable semi-annually, as shown by interest coupons attached, and providing that upon default the entire amount due would become due and payable, and that thereafter the entire debt would bear interest at the rate of ten per cent per annum. The total amount then due was alleged to be $8,868.75, plus interest afterwards accruing.

Plaintiff prayed that a receiver be appointed, that it have judgment upon the note, foreclosure of its mortgage and that the land be sold to satisfy the judgment. The mortgage sought to be foreclosed recited that it was a continuation of a first lien created under a former mortgage executed to the Commissioners upon the same land by Louise C. Kolp on February 15, 1924.

The Phillips Petroleum Company, which was a party defendant, answered and filed a cross-petition alleging that it held an oil and gas lease covering part of the land involved, alleged to be superior to the mortgage sought to be foreclosed. The lease was dated December 24, 1927, but the mortgage sought to be foreclosed, was a renewal and continuation of a mortgage dated in 1924, making it clear that the mortgage was superior to the oil and gas lease dated December 24, 1927. Phillips Petroleum Company apparently made no objection to the action of the trial court in refusing to vacate its foreclosure judgment sought to be vacated by Louise C. Kolp, and is not a party to this appeal.

The motion to vacate the foreclosure judgment and proceedings had thereunder is based principally on alleged irregularities in obtaining service upon Louise C. Kolp by publication, erroneous calculations of the amount due under the note, the fact that the journal entry was not filed promptly, and that the signature of the trial judge on the journal entry filed on April 1, 1938, was procured by fraud, and fraudulent service by publication. We will discuss later the question of when a journal entry must be filed after the entry of judgment.

In her petition in error, Louise C. Kolp assigns as errors relied upon four propositions which are as follows:

"1. Error of the trial court in sustaining the demurrer of the plaintiff to the Motion (of said defendant) to Vacate and Set Aside Judgments, and the Amendment to Motion to Vacate and Set Aside Judgments;

"2. Error of the trial court in overruling said Motion and the Amendment thereto;

"3. Error of the trial court in refusing to sustain said Motion and the Amendment thereto; and

"4. Error of the trial court in ordering said Motion and the Amendment thereto dismissed."

 It is first contended that a void judgment is no judgment, but an absolute nullity. This is a correct statement of the law, but is it applicable to the facts before us and does it warrant the vacation of a judgment regular on its face or on the face of the judgment roll? This Court has decided many times that a judgment regular on the face of the judgment roll, requiring extrinsic evidence to disclose its invalidity, is only voidable, and can only be vacated in the manner and within the time provided by Section 1038, 12 O.S.1951. That statute provides in its last sentence that:

"* * * A void judgment may be vacated at any time, on motion of a party, or any person affected thereby."

It is true that it is not important when a void judgment is attacked, but the time when attacked is important when the judgment roll is regular on its face and extrinsic evidence is necessary to show that the judgment is in fact void and not voidable. Plaintiff in error appears to base her contentions upon the assumption that the judgment here attacked is void and not merely voidable.

In Town of Watonga v. Crane Co., 189 Okl. 184, 114 P.2d 941, it is said in the second paragraph of the syllabus:

"A judgment is void on its face when the judgment roll affirmatively shows that the trial court lacked either (1) jurisdiction over the person; (2) jurisdiction over the subject matter; or, (3) judicial power to render the particular judgment."

In that case it was pointed out that in Crowther v. Schoonover, 130 Okl. 249, 266

P. 777, it was held that a void judgment that may be vacated at any time on motion applies only when the invalidity of the judgment appears on the face of the judgment roll, consisting of the petition, process, return, pleadings subsequent thereto, reports, verdicts, orders, judgments and all material acts and proceedings of the court.

We find no merit in this contention. The service by publication is regular on its face and gave the court jurisdiction of the person of the defendant to render the judgment rendered. The record does not contain any evidence of fraud.

It is argued that where a party makes a false affidavit of residence in mailing notice, knows that the alleged residence is false, such party cannot assert that the judgment is regular on its face if based upon a false affidavit of residence and mailing. It should be kept in mind that Section 1031, 12 O.S.1951, specifies the manner in which a judgment may be vacated. The third and fourth subdivisions are as follows:

"Third. For mistake, neglect or omission of the clerk, or irregularity in obtaining a judgment or order.

"Fourth. For fraud, practiced by the successful party, in obtaining the judgment or order."

Section 1038, supra, provides that proceedings to vacate a judgment under subdivision four, for fraud practiced by the successful party, must be commenced within two years from the date of judgment, and, under subdivision three, irregularities in obtaining judgment, must be commenced within three years from the date of the judgment. Twelve years had elapsed since the rendition of the judgment here attacked.

The journal entry of judgment rendered November 1, 1937, was not filed until April 1, 1938, for the sum of $9,394.-59, plus interest at ten per cent per annum from November 1, 1937, attorney fees and costs. The notice of sheriff's sale recited the same amount as did the order of sale.

The sheriff's return recites that the property was bid in by the State of Oklahoma for $5,000 being the highest bid. The sale was duly confirmed and the sheriff ordered to issue a deed to the State of Oklahoma.

It is claimed that the amount of the judgment is excessive and that the judgment should have been rendered for only $8,683.57. Did the error in calculating the amount due render the judgment void? We think not. It would render the judgment voidable as to the excess. In the early case of Lawton v. Nicholas, 12 Okl. 550, 73 P. 262, it is said:

"The fact of a judgment being excessive does not render such judgment void; it is at most only voidable as to such excess."

Again in Welden v. Home Owners Loan Corporation, 193 Okl. 167, 141 P.2d 1010, 1012, this Court said in the body of the opinion:

"There can be no doubt that the court had jurisdiction of the subject-matter, the parties, and judicial power to render the particular judgment. If it rendered judgment for too much or too little that would constitute an error subject to correction on appeal, but would not affect the jurisdiction of the court or render the judgment void. * * *"

In Huddleston v. Dwyer, 145 F.2d 311, 314, the Circuit Court of Appeals for the 10th Circuit, in construing Oklahoma laws said in the body of the opinion:

"* * * The validity of a judgment does not always depend upon its correctness. A judgment rendered by a court in Oklahoma having jurisdiction of the subject matter and of the parties for an amount in excess of that which should have been awarded is not void in its entirety. Instead, it is voidable as to the excess. Lawton v. Nicholas, 12 Okl. 550, 73 P. 262. And a judgment regular in other respects is not open to collateral attack in an ancillary proceeding of this kind on

the ground that it is excessive in amount, People [ex rel. Anderson] v. Village of Bradley, 367 Ill. 301, 11 N.E.2d 415; or on the ground that interest and penalties were improperly included, Supervisors v. United States, 4 Wall. 435, 18 L.Ed. 419; * * *"

We conclude that the erroneous calculations as to the amount due do not render the judgment void, because it is merely rendered voidable as to the excess.

Louise C. Kolp has copied in her brief the entry made on the minutes of the court on November 1, 1937, which is as follows:

"1937, Nov. 1. CM. Judgment for plaintiff and for foreclosure of mortgage and order appointing M. W. Balthrop receiver Bond in the sum of $500.00."

The above clearly shows that on November 1, 1937, a judgment was rendered for the plaintiff on the note, for foreclosure of its mortgage and appointment of a receiver as prayed for in plaintiff's petition, which prayed for ten per cent interest on the unpaid principal of the note and interest coupons. This is certainly sufficient to entitle plaintiff to recover the accelerated rate of interest provided for in the note and mortgage.

 We cannot agree that no judgment was rendered on November 1, 1937. We are not aware of any case holding that the journal entry must be filed within any specified time after the judgment is rendered. It is a matter of common knowledge that journal entries are often not prepared, signed and filed until long after the judgment is rendered. The better practice is to file a journal entry promptly, but failure to do so does not render a judgment void.

While the minutes of November 1, 1937, do not specifically mention the Phillips Petroleum Company or its cross-petition, the fact that the minutes show judgment for the plaintiff with no exceptions is sufficient to establish that the court found against the Phillips Petroleum Company on its cross-petition, as shown by the journal entry of April 1, 1938. That defendant has never objected to the judgment against it and the record clearly shows that the mortgage lien of the Commissioners is superior to the oil and gas lease.

Where the amount of a judgment is excessive through an erroneous calculation of the amount due, based upon undisputed allegations in plaintiff's petition, it may be corrected at any time as to the amount of the excess, being merely a clerical error. The same rule applies to the contention that the order of confirmation of sale is void because an excessive judgment had been rendered through a clerical error.

We find no merit in the claim that the order of confirmation of sheriff's sale of the land was void. The order of sale, the sale and order of confirmation are based upon the judgment of November 1, 1937, which we have found valid on the face of the judgment roll. We have also concluded that the recital of an excessive amount due does not render the judgment void except as to the excess.

 The record does disclose that the State took possession of the land through a receiver and has held possession since that time. If Louise C. Kolp was in fact in Oklahoma City during the foreclosure proceedings and when she was deprived of possession and control of 320 acres of land in an adjoining county, she must have known of the foreclosure judgment within the statutory time for seeking a vacation of the judgment. No unavoidable casualty or excuse is alleged to justify vacating a judgment valid on the face of the judgment roll after a lapse of twelve years from its rendition to the date when motion to vacate is filed.

We conclude that the trial court was justified in sustaining the demurrer to the motion to vacate and in dismissing the motion upon failure of movant to plead further, and its judgment is affirmed.

CORN, V. C. J., and DAVISON, JOHNSON, BLACKBIRD, JACKSON, and CARLILE, JJ., concur.

WELCH, C. J., and WILLIAMS, J., dissent.