WOODRUFF & HOPKINS for plaintiffs. MILLS & HOADLEY for defendants.

---

Special Term—GHOLSON, J. presiding.

CYRUS M. WILLIAMS *vs.* JOHN HAMLIN et al.

Where summons is endorsed "for the recovery of money," and the petition claims a further and different relief, the Court will not enter up a judgment by default for answer, against a defendant, for other relief than that endorsed on the summons.

An appearance, and answer, would obviate the difficulty.

The summons may be amended, but unless an appearance was entered for defendant, the amended summons must be served on him.

Cyrus M. Williams *vs.* John Hamlin et al.

This was an action to foreclose a judgment lien; and to recover money.

GHOLSON, J.   This case has been submitted for judgment on a default against all the defendants except J. W. Ashar, and judgment for the sale of certain real estate described in the petition, is asked.

Upon looking at the summons, I find that it is endorsed "for the recovery of money only, amount claimed for which, with interest from the 5th May 1851, judgment will be taken if you fail to answer $267.85 and also costs $11.98." The judgment which is asked, is not for the recovery of money only, but for the sale of real estate. I notice that in the precipe it is stated, that the suit is brought to foreclose a judgment lien; and the amount of judgment and costs being stated, the clerk supposed it was an action for the recovery of money only.

It is only in cases where the action is for the recovery of money only, that the Code requires the summons to show in any manner, to the defendant, for what the action is brought.   Had there been no indorsement on the summons, I do not see why the petition might not be examined, and the proper relief granted.   But it cannot be regular, or proper, where a case is submitted for judgment on failure to answer, to grant a relief entirely different from that endorsed on the summons.

This defect would, of course, be cured by an appearance and answer to the petition, but, in the position in which the case now stands, I must refuse to enter the judgment. The summons may be amended, but unless an appearance be entered for the defendants, the amended summons will have to be served on the defendants.

ZINN & BATEMAN for plaintiff.