WILLIAM L. CAMPBELL, APPELLANT, VS. CHAFFEE, ST. ARNAUD AND CROFT, APPELLEES.

1. From the terms of the statute providing for the commencement of suits in the courts of common law, it is clearly deducible that the debt or damages sued for, as set forth in the præcipe, ought to be inserted in the summons *ad respondendum;* but the omission by the clerk to do so does not render the summons void.

2. Where an amendment in the original process is allowable, the Supreme Court, upon error brought, will give to the party entitled thereto the same benefit of the amendment as though it had been actually made.

3. A defect or irregularity which is *apparent* upon the face of the original writ or summons, (if the same is not carried into the declaration) is not the subject of plea in abatement. It can be taken advantage of only by motion to quash. Only matters extrinsic or *dehors* the writ or summons can be so pleaded.

Appeal from Hillsborough Circuit Court.

The opinion of the court contains a full statement of the facts of the case.

*James Gettis,* for Appellant.

*J. T. Magbee*, for Appellee.

DU PONT, J., delivered the opinion of the court.

This was an action of assumpsit, brought by the appellees to recover from the appellant the amount due upon a promissory note. The *summons ad respondendum* omitted to state the damages, but was in other respects in the usual form. At the appearance term, the defendant filed a plea in abatement in the following words, to wit:

"The defendant, by James Gettis, prays judgment of the said writ and declaration, because he says that there is no sum of money whatever set forth or spoken of in said writ; and this the said defendant is ready to verify. Whereupon he prays judgment of the said writ and declaration, and that the same may be quashed," &c.

To this plea there was a demurrer filed which was sustained by the court, and the plea adjudged to be bad. At the next succeeding term a judgment for the damages was entered for the plaintiffs; whereupon the defendant prayed an appeal to this court, and now assigns for error the overruling of his said plea in abatement.

Under this assignment of error two questions are presented for our consideration: First, whether the omission to state the damages in the summons is such a defect as will render the summons entirely void? and, secondly, if it were, whether it could be taken advantage of by plea in abatement?

The statute regulating the commencement of suits provides for the filing of a *præcipe* or memorandum in the clerk's office, previous to the commencement of the suit, in which is to be set forth a statement of "the names of the parties, the nature of the action and the amount of the debt or damages" sued for. It further provides, "that i shall be the duty of the clerk upon the receipt of such
26

præcipe or memorandum, to make out therefrom a writ of capias or summons *ad respondendum*, which shall be called the original and which shall be served by the sheriff," &c.—Vide Thompson's Digest, 325.

From the fact that it is required that the *præcipe* shall state the *debt* or *damages* sued for and that the summons shall be made out therefrom, it is but a natural inference that the debt or damages should also appear in the latter. This inference is too obvious to need any elaboration. But whilst we adopt this conclusion, and would enforce upon the clerks of the Circuit Courts the propriety of a strict attention to this direction of the statute, we cannot admit that the omission to insert the debt or damages will render the summons void. We are rather inclined, where the debt or damages are stated in the *præcipe*, to look upon such omission as a misprison of the clerk, and to accord to the plaintiff the benefit of an amendment. As the defence to the merits is always made to the cause of action as set forth in the declaration, there can be no surprise to the defendant, nor can the omission work any detriment to his rights. The office of the summons *ad respondendum* is to notify the defendant of the nature of the demand to be made against him, and to call him into court to respond thereto. If the names of the parties to the suit, the nature of the action and the time for the appearance be distinctly set forth in the summons, it would seem to be all that is requisite, until the filing of the declaration, to enable the defendant to prepare for his defence; and the omission to state the amount of the debt or damages must be viewed merely as an irregularity and curable by amendment.

It is true that in this case no amendment was asked for or made, but the plaintiff proceeded to take his judgment for the damages while the summons remained thus un-

amended. It is, however, well settled, that upon error brought, where an amendment in matter of form is admissible, the law will presume that it has been made and will give the party entitled to the same, the full benefit of it, as though it had been actually made.—Vide Tidd's Practice, 928, citing 2 Str. 1,011; Stephens vs. White, 2 Wash. R., 203. The cases of McClelland vs. Crafton, 6 Greenleaf, 307, and Clark vs. Herring, 5 Binn., 33, cited to the point under consideration by the counsel for the appellant, from 1 Metcalf & Perkin's Digest, 146, § 60, do not support the position assumed, but rather sustain our views. The citation from the Digest is as follows: "The total omission or the smallness of the *ad damnum* in a writ cannot properly be considered as merely a circumstantial error within the statute of 1821, chap. 59, after the rendition of judgment; but, until judgment, it may be so considered. Therefore, where no damages had been laid in the writ, the plaintiff, after verdict and before judgment, may have leave to amend by inserting a sufficient sum." Now it will be here noted that the materiality of the omission is made to depend upon the peculiarity of the local statute, and that, notwithstanding such materiality, the error was amendable before judgment.

On the same page of the Digest, and in paragraph 61 it is said, " but where no *ad damnum* is inserted in the writ, and the jurisdiction of the court depends on the amount of the damages demanded, the defect cannot be amended," citing 2 N. H., 322, Hoit vs. Molony. In this case it will be seen that the refusal to permit the amendment is based upon the fact that the amount of the *ad damnum* determined the jurisdiction of the court, and as our Circuit Courts are not thus limited, the authority is not applicable.

As a further argument in support of our views, it may be remarked that in the majority of the States where this

question has been adjudicated, special bail is allowed, and therefore the amount of the *ad damnum* is in some measure essential to be stated in order to determine the amount of the bail, while in our State there is no such thing as special bail. It is doubtful whether even at common law it was usual or necessary to insert in the original process the amount of the debt or damages. This inference is clearly deducible from what is said by Mr. Tidd in his treatise on Practice. Speaking of the original process used in the several courts, he says: " Before the making of the statute of 13 Car. II, Stat. 2, c. 2, a defendant might have been arrested and holden to bail for any sum of money upon a common bill of Middlesex or latitat, &c., not expressing the particular cause of action. It consequently happened that he was frequently arrested and holden to bail or imprisoned for a large sum of money, when perhaps there was no real plaintiff or no cause of action. To remedy this mischief, it was enacted that 'no person arrested by any sheriff, &c., by force or color of any bailable writ, bill or process, issuing out of King's Bench, wherein the certainty and true cause of action is not expressed particularly, shall be compelled to give security for his appearance in any penalty or sum of money exceeding the sum of forty pounds.' " * * * * " In trespass, therefore, and other cases, where the defendant either cannot or is not meant to be arrested and held to special bail, the process is in general, in common form, requiring the defendant to answer the plaintiff in a plea of trespass." * * * * " When the cause of action is of a bailable nature, and it is intended to arrest the defendant and hold him to special bail for a larger sum than forty pounds, there should be a clause of *ac etiam* in the process, and in such case, an omission in the *ac etiam* part of the writ of the sum for which the defendant is arrested, or that it was due on promises,

is irregular and he cannot be holden to special bail thereon." 2 Tidd Prac., 149–'50.

The same author at page 159, remarks further on this subject, "By the statute 12 Geo. 1, c. 29, s. 2, the sum specified by the affidavit of the cause of action is required to be indorsed on the back of the writ or process for holding the defendant to special bail. This part of the statute, how-.ever, is merely directory to the sheriff, and does not avoid the process when the sum sworn to is not indorsed up-.on it."

From this authority it would seem that the only object to be accomplished by stating the amount of the debt or damages in the process, is to lay the foundation for holding the defendant to bail, but as by our statute no bail can be required of the defendant, the rule would seem to be inap-plicable to our practice, upon the maxim of *cesante ratione, cesat ipsa lex.*

The next question proposed to be considered is how such omission may be taken advantage of, whether by motion, or by plea in abatement. It is laid down in all of. the treatises on the subject of pleading that as *oyer* of the writ cannot now be craved, no matter *apparent* upon the face of the writ can be made the subject of a plea in abatement, unless the mistake in the writ be carried also into the declaration. Only matters extrinsic, or *dehors* the writ, such as misnomer, coverture, non-joinder, &c., &c., can be thus pleaded. Vide 1 Chitty on Pleading, 279, 485, and '6; Tidd's Practice, 636. Matters apparent upon the face of the writ must therefore be the subject of motion.

The citations made by the counsel for the appellant, from 1 U. S. Dig. p. 5, § 85, 86 and 87, are manifestly in conflict with the English rule upon the subject. We have not had access to the cases referred to, and it is not improb-

able that the doctrine as laid down in the Digest, may be broader than is warranted by the cases.

. Upon a mature consideration of the subject, we are of opinion that there was no error in overruling the defendant's plea in abatement. Therefore let the judgment of the Circuit Court be affirmed.