[*Special Term, January,* 1870.]

## A. M. WHITE AND CO. *v.* MILTON FREESE.

Where a petition, not verified, has been filed and summons issued and served, and a motion has been granted to allow the plaintiff to verify, which he has done:

*Held,* that a new summons must be issued and served; and, on motion for that purpose only, the court will set aside the service of the old summons.

*Butterworth & Alexander,* for plaintiffs.

*King, Thompson & Avery,* for defendant.

HAGANS, J. The plaintiffs filed their petition on December 8, 1869, without verification. Summons was issued and served the same day. On December 10, 1869, plaintiffs moved for leave to add verification to the petition, which motion was granted. A new petition, properly verified, was filed December 27, 1869, but no new summons was issued. The defendant now moves to set aside the service of summons as irregular, and appears for that purpose only. There is no other appearance; and it has become important to determine the motion.

If the defendant had demurred, on the ground that the court had no jurisdiction of his person, it would have waived the defect. The real complaint is that the party was improperly served with process; and this can only be reached by motion.

If the original petition was good, the service of sum-

mons is good, and the defendant is properly in court. Code, sec. 55. Under the common law practice, suits were brought by filing a præcipe and issuing summons, and the declaration was filed subsequently. No matter how faulty the pleadings might be, the defendant was in court until the final termination of the suit. Code, section 82, defines pleadings to be the written statement of the parties, constituting either claim or defense. Section 85 sets forth what the petition must contain, omitting any requirement of the jurat; and section 55 provides that a civil action may be commenced by filing a petition and causing a summons to be issued thereon. But section 106 requires every pleading of fact to be verified; and section 137 allows amendments to any pleading, process, and proceeding very liberally.

Now the simple question is, must the plaintiffs sue out new summons on the verified petition; was in fact any action commenced until it was filed? In some of the inferior courts of the State, where the party has been actually sworn to the petition, though the jurat is drawn defectively, the summons has been set aside as irregular and void. *Kerns* v. *Roberts et al.*, 3 West. Law Month. 604. Where there is no verification attached to a petition, the deficiency can not be supplied by amendment. And when the defect has been supplied, a new summons must be issued and served. They have held the petition to be a nullity. *Stevens* v. *White*, 1 West. Law Month. 394; *Boyler* v. *Hoyt*, 2 West. Law Month. 548.

In the case at bar it will be observed that the plaintiff, in his motion, was allowed to file a new petition properly verified. True, if the defendant was in court, he was bound to take notice of this proceeding. But why require him to file a new petition, if the old one was a sufficient predicate of process, unless the verification was vital to it? Why, indeed, file a new petition at all, if the defendant was in court? Why even add a verification, unless because

upon the defendant's motion it would be stricken from the files? Then there would be no petition, no suit, and no process. The whole proceeding would fail. This is not an irregularity. The clerk is not a judicial officer to determine the sufficiency of pleadings. There can be no *amendment of a jurat* if there be *no jurat to amend*.

The policy of the Code is to require the parties to swear to their pleadings, so that there may always be substantial matters before the court. All fictions are abolished; and the omission of a jurat would not only violate the plain provisions of the Code, but defeat one of its objects. The policy of the Code and the analogies of practice seem to require in this case that a new summons issue. *Williams* v. *Hamlin*, 1 Handy, 95. The verified petition is the petition required by the Code. This view is strengthened by a reference to the New York practice.

Motion granted.