## Watson v. McCartney.

1. PRACTICE: *Endorsement of summons.* No other judgment can be rendered than that, notice of which is endorsed on the summons.

2. ——: If a summons, issued in an action of such a character as does not require an endorsement, be actually endorsed, the notice so given must fully and truthfully inform the defendant, of the extent and nature of the claim alleged against him.

3. ——: *Amendment of endorsement.* The endorsement of the summons giving the defendant notice of the nature and extent of the plaintiff's claim. cannot be amended unless the defendant appear in the action.

The plaintiff, Watson, sued McCartney in the District Court for Otoe county, to enforce in equity a vendor's lien upon certain lands sold by him to the defendants. The summons issued was endorsed with the notice required in cases where a judgment for money only is sought. The defendants not appearing, the endorsement was, by leave of the court amended, so as to conform to the nature of the action; and judgment was rendered accordingly.

*I. N. Shambaugh,* for McCartney.

*T. H. Stevenson,* for Watson.

LAKE, J.

Henry Watson, plaintiff in the court below, on the 24th day of August, 1867, filed in the office of the clerk of the District Court for Otoe county, his petition, in which he claimed to recover of the defendants, Henry M. and A. S. McCartney, the sum of $1,600, being balance due on premises theretofore sold to them, with interest on that sum from April 1st, 1866, and praying also "that in case the defendants should fail to pay said judgment by a short day to be named, the premises (described in the petition) may be sold, and the proceeds of such sale be applied in

payment of said judgment, so to be obtained; that the plaintiff may have his vendor's lien on said premises fully satisfied, and that any and all equity of redemption of the defendants in and to said premises be foreclosed; that plaintiff may have such other and further relief as may be agreeable to equity and good conscience."

The precipe is simply, "To the clerk of court : amount of claim, $1,600, with interest from April 1, '66." Signed by the solicitor for plaintiff. On the same day a summons in the usual form was issued, with the following endorsement : "The plaintiff in this action claims judgment for the sum of $1,600, together with interest thereon from the 1st day of April, A. D., 1867, at the rate of ten per cent per annum."

The defendants failing to appear, the plaintiff was allowed to have the endorsement on the summons changed from 1867 to 1866, and to take judgment for the sum of $1,600, with interest on that sum from April 1st, 1866, and the further decree that the plaintiff have a prior vendor's lien, and that the premises be sold, &c., as prayed in the petition.

So well am I satisfied that this amendment was irregular and unwarranted, that I have not undertaken to look into the cases relating to amendments cited by the counsel for the defendant in error. Although cases might be found to support such a proceeding, I should deem it unwise, in the settlement of the practice which is to govern in the courts of this State, to conform to precedents of that character.

Section 64 of the Code directs that "where the action is for the recovery of money only, there shall be endorsed on the writ the amount to be furnished in the precipe, for which, with interest, judgment will be taken, if the defendant fail to answer. If the defendant fail to appear, judgment shall not be rendered for a larger amount and the costs."

WATSON v. McCARTNEY.

Here, the action is not "for the recovery of money only," but asks the sale of real estate, and such further relief as the court may deem proper. No endorsement in this case was was necessary; but inasmuch as one was made, it should have been sufficiently complete to have advised the defendants of all the relief prayed for. This notice is deceptive, and was calculated to mislead the defendants. No other judgment could regularly be given under it, the defendants not appearing, than for money simply, and that for no greater amount than that claimed in the notice. Had the defendants appeared, the amendment might have been made by order of the court. The office of the notice endorsed on the summons, is to advise the defendant of the amount claimed. He then is at liberty to consent or resist. In consenting to allow judgment, by not appearing for the sum of one hundred dollars, the amount claimed in the notice, he is not to be at the hazard of having the notice amended in his absence, and without his knowledge, by the addition of another cypher, making a judgment against him for a thousand instead of a hundred dollars.

The plaintiff's course was to take judgment for the amount indicated in the notice, with interest from April 1st, 1867. If he desired a further or greater recovery, he should have obtained leave and issued another summons, such as was proper in the case.

The judgment of the court below must be reversed.

Judgment reversed.