68 · 75·
58a 106·

# ABRAHAM B. KAGAY *et al.*

## *v.*

## THE TRUSTEES OF SCHOOLS OF T. 8 N., R. 6 E.

1. AMENDMENT—*summons—discretionary.* In an action of debt upon an official bond the court below allowed a cross motion to amend the summons by inserting therein the debt claimed, and thereupon overruled a motion to quash the writ, which was assigned as error: *Held,* that the allowance of the amendment was a matter of discretion and was not improperly exercised.

2. SAME—*continuance.* Where the court allowed the summons in debt upon an official bond to be amended by inserting the debt claimed, it was *held,* that the amendment was not of such a character as to surprise the defendants, and, therefore, no cause for a continuance.

3. PLEADING AND EVIDENCE—*variance.* In a suit upon the official bond of the school treasurer of a township by the " trustees of schools," etc., the declaration alleged that the bond was made to the plaintiffs by the name of the " board of trustees of township," etc., and the bond offered in evidence was payable to the "board of trustees of," etc.: *Held,* that there was no variance, as the trustees of schools and the board of trustees were the same officers.

4. SURETY—*liability for money coming to principal's hands during former term of office.* Where it appeared that moneys came to the hands of a school township treasurer, during a prior term and before the execution of the bond sued on, and it did not appear that he appropriated it to his own use, or that he did not have it in his hands at the time the bond was entered into: *Held,* that his sureties on the last bond were liable for his refusal to pay over the sum to his successor.

APPEAL from the Circuit Court of Effingham county; the Hon. HIRAM B. DECIUS, Judge, presiding.

Messrs. Cooper & Kagay, for the appellants.

Mr. Justice Sheldon delivered the opinion of the Court:

This was an action of debt, brought in the name of the trustees of schools of township number eight north, of range six east, in Effingham county, Illinois, against the treasurer of the township and his surety, on the official bond of the former, for a breach of official duty in failing to pay over money in his hands as such treasurer, to his successor in office.

Judgment was rendered in the court below against the defendants, and they appealed.

The defendants below moved to quash the writ because it claimed no sum as debt, whereupon the court allowed the writ to be amended on a cross-motion by the plaintiff, by inserting debt $10,000, and denied a motion thereupon made by the defendants for a continuance of the cause. These rulings of the court are assigned as error.

The allowance of the amendment was a matter of discretion with the court, and we think the discretion was not improperly exercised. The amendment was not of such a character as reasonably to surprise the defendants to their prejudice, and the motion for a continuance was properly denied.

It is next objected that the court erred in permitting the bond to be read in evidence because of a variance between it and the declaration.

The bond is to the board of trustees of the township, etc., whereas the suit is in the name of the trustees of schools of the township, etc., the declaration alleging the bond to have been made to them, and herein it is claimed there is a variance.

The bond is in the form prescribed by the statute. The declaration avers that it was made to the plaintiffs by the name of the board of trustees of the township, etc. The statute constitutes the three trustees of schools of the township a body politic and corporate, by the name of "trustees of schools of township," with power to sue, etc. The trustees

of schools and the board of trustees are the same officers. We perceive no force in the objection.

It is insisted that the surety here is not liable because the default occurred before he entered into the bond. His principal had been township treasurer ever since December, 1865. The bond in suit was executed on the 12th day of October, 1871. The evidence shows that the money in respect to which the treasurer was in default, came into his hands previously to the last named time, with the exception of a small portion. And the position is taken that the surety is only liable in respect to such moneys as came into the treasurer's hands subsequently to the time of the surety entering into the bond. It was one condition of the bond that the treasurer should deliver to his successor in office all moneys in his hands as such township treasurer.

There was an assignment of the breach of this condition.

The evidence shows that on the 15th of December, 1871, on a settlement of the accounts of the treasurer, there was found due from him, as such township treasurer, the sum of money recovered, less about $100, an error in the settlement. On the 1st day of January, 1872, his successor in office was appointed, who, on the 6th of that month, made a demand upon the former treasurer of the moneys in his hands as treasurer, which he failed to pay over, in whole or in part. Now, although this money did actually come into the hands of the treasurer previously to the time when the bond in suit was executed, he received it as township treasurer; and it not appearing that he had appropriated it to his own use, or that he did not have it in his hands, at the time when the bond was entered into, we are of opinion that it must be regarded as money in the hands of the township treasurer on the 15th of December, 1871, when the settlement was had, and on the 6th of January, when the demand of the money was made; and that he has failed to deliver to his successor in office all moneys in his hands as township treasurer, as

required by the condition of the bond, and that the surety is chargeable for a breach of the condition in this respect. See *Pinkstaff et al.* v. *The People,* 59 Ill. 149.

The judgment must be affirmed.

*Judgment affirmed.*