CHRISTIAN RATHMAN, APPELLANT, V. EDMUND PEYCKE, APPELLEE, ET AL.

FILED JUNE 30, 1893. No. 3931.

Equity: CONTRACTS: FRAUD: RESCISSION. *Held*, That as between the plaintiff and Peycke the proof failed to show fraud, and that as the plaintiff had refused the offer to redeem the cheese company's stock by paying the amount for which it was taken as security with interest thereon, the judgment would be affirmed.

APPEAL from the district court of Douglas county. Heard below before WAKELEY, J.

*Charles B. Keller,* for appellant.

*Charles Ogden, contra.*

MAXWELL, CH. J.

This action was brought in the district court of Douglas county on the 10th day of March, 1886, to require Peycke—

First—To surrender up certain school leases left by Dorn with his wife for Christian Rathman, and which were gotten possession of by Edmund Peycke and retained by him.

Second—To require Edmund Peycke to account for and to repay to the said appellant certain moneys obtained from Rathman by fraud and false representations.

Third—To cancel certain notes obtained from Rathman through fraud, and on account of the failure of the consideration thereon, and

Fourth—To cancel a certain contract entered into on the 2d day of January, 1885, assigning certain stock in the Blair Cheese Company from Rathman to Peycke, and to require the said Peycke to account for the value of said stock, in the meantime enjoining the transfer of said shares by said Peycke.

While the action was pending the plaintiff filed a supplemental petition setting forth that Peycke had borrowed large sums of money upon the shares of stock in the Blair Cheese Company assigned to him by the plaintiff, by reason of which the stock had become worthless, and praying for an accounting.

On the trial of the cause the court granted the plaintiff leave to redeem the Blair Cheese Company's stock by paying the amount with interest, for which it was given as security. This offer the plaintiff declined, whereupon the

court found the issues in favor of the defendants and dis-
missed the action.    The plaintiff appeals.

It appears from the record that for sometime prior to
March, 1886, one Rudolph Dorn held prominent positions
in at least two companies in the state, and was receiving
salaries the aggregate of which seems to have exceeded
$400 per month.   Dorn seems to have stood well as a busi-
ness man, and the business relations between him and the
plaintiff were of the most friendly character.    The same is
true of the business relations between the plaintiff and
Peycke.   Dorn suggested to both the plaintiff and Peycke
that money could be made by leasing school lands in Keith
county from the state.    The result was that the plaintiff
gave his note to Dorn for $1,280, and procured the notes
of two or more of his brothers, each for a like amount, in
favor of Dorn.    These notes Dorn and Peycke indorsed,
and Dorn obtained the money thereon.    Peycke and three
or four persons in Omaha were also induced to give their
notes to Dorn for $1,280 each.    The proof in regard to
the amount of school land leased is quite meager.    That
some land was leased there is no doubt, but the quantity is
left in doubt.    It seems to be conceded, however, that the
scheme was practically a failure, and that the contributors
to the fund received but little for their investments.    In the
meantime the plaintiff's note and those of his brothers, which
he had indorsed, and had also been indorsed by Dorn and
Peycke, had become due at a bank and were paid by Peycke.
Thereupon the plaintiff gave him security upon his cheese
company stock, and it is claimed that Peycke used unfair
means to supplant the plaintiff in said company and in-
state himself therein.

There is testimony in the record tending to show that
Dorn was dishonest and deceived both the plaintiff, Peycke,
and a number of others, and inveigled them into the school
land scheme by reason of which he obtained possession of
a large amount of money without any effort on his part to

procure school lands, and that soon afterwards he absconded from the state. The proof fails to show that Peycke acted in bad faith with the plaintiff, or others, but seems, like the plaintiff, to have placed full reliance in Dorn. The charge of fraud against Peycke, therefore, is not sustained. The plaintiff was offered the right to redeem the cheese company's stock upon the payment of the amount for which it was taken as security and refused to accept of the same. That was the proper relief under the proof in the .case. There is no error in the record and the judgment is

AFFIRMED.

THE other judges concur.