GEORGE P. ELMEN, ADMINISTRATOR, V. CHICAGO, BURLING-
TON & QUINCY RAILROAD COMPANY.

FILED NOVEMBER 22, 1905.   No. 13,839.

1. **Judgment by Default, Amount of.** In an action for the recovery
   of money only, in case of default by the defendant, judgment can
   be rendered for no greater sum than is indorsed upon the sum-
   mons. *Crowell v. Galloway*, 3 Neb. 215.

2. **Process: AMENDMENT: LIMITATIONS.** Where, in an action for money
   only, the præcipe omitted to direct the clerk of the district court
   to indorse upon the summons the amount for which judgment
   would be taken if the defendant failed to appear, and the sum-
   mons issued and served bore no such indorsement, an amendment
   to the summons, made by leave of court, allowing such indorse-
   ment, and the issuance and service of an alias summons,· the
   defendant having made no appearance in the action, will not
   relate back to the time of the original summons, so as to stop
   the running of the statute of limitations.

ERROR to the district court for Saunders county: BEN-
JAMIN F. GOOD and ARTHUR J. EVANS, JUDGES. *Affirmed.*

*Frederick Shepherd* and *John L. Sundean,* for plaintiff
in error.

*J. W. Deweese, Frank E. Bishop* and *T. B. Wilson,*
contra.

LETTON, C.

This action was brought by George P. Elmen, as adminis-
trator of the estate of Robert Stewart, deceased, to recover
damages for the widow and next of kin on account of the
death of his intestate, which he alleges was caused by the
negligence of the defendant railroad while the deceased was
working in its Havelock shops.   Stewart died on July 18,
1899.   Soon after his death his supposed widow, Annie
Stewart, was appointed special, and afterwards general, ad-
ministratrix of the estate, and acted as general administra-
trix until the present administrator was appointed on
April 15, 1901.   While this woman was acting as adminis-

tratrix, a settlement was made with her by the railroad company, and a judgment rendered in the county court in pursuance thereof for all damages accruing to the widow and next of kin by reason of the death of Stewart. This woman was not the wife of the deceased; and at the time of his death he left a wife and two children living in England. As soon as knowledge of these facts came to the wife and children, they caused the pretended wife to be ousted as administratrix and had the plaintiff appointed. On July 17, 1901, one day before the time limited by the statute for the beginning of an action for death by wrongful act, a petition was filed in this action and a summons issued. The præcipe for the summons did not ask for the indorsement of any amount for which judgment would be taken if the defendant did not appear, nor did the summons which was issued have either upon its face or indorsed thereupon any amount for which judgment would be taken in such case. This summons was duly served upon the defendant and returned. No appearance was made, and no default was entered. On February 10, 1902, the plaintiff filed a motion requesting to be permitted to amend the præcipe so as to show the amount for which plaintiff would take judgment, in case of default, to be $5,000, that the clerk be directed to amend the original summons by indorsing that amount upon it, and that an alias summons be issued, with that amount indorsed, requiring the defendant to answer on or before March 17, 1902, and that the amended summons, a copy of the motion and order allowing it, and the alias summons, be served upon the defendant the same as an original summons. The court, by an *ex parte* order, sustained the motion and ordered the defendant to show cause on or before March 17, 1902, why it should not be defaulted. The defendant appeared specially within the time limited and objected to the jurisdiction of the court for the reason that the original summons contained no indorsement of any amount for which judgment would be taken, and that the court had no authority to issue an alias summons or to require the de-

fendant to appear in any manner to the original summons as changed or amended, nor to render judgment against it on that summons, and that the record showed that the action was barred by the limitation of two years from the date of Stewart's death. This special appearance was overruled, to which exception was taken, and afterwards the defendant answered, preserving its objections to jurisdiction, pleading the absence of negligence upon its part, assumption of risk and contributory negligence on the part of the deceased, and former adjudication in an action brought by Annie Stewart, as administratrix and personal representative of the deceased, and payment of the judgment rendered in such case. The cause was first tried to a jury, Judge Sornborger presiding, which trial resulted in a verdict in favor of the plaintiff. On motion of the defendant for a new trial, which motion was heard before Judge Good, this verdict was set aside and a new trial ordered. At a subsequent term, the case was tried to the court without a jury upon the evidence taken at the former trial. The defendant then moved the court to sustain its defenses to the action and for judgment on the pleadings and the evidence, which motion was sustained and the present judgment dismissing the action rendered. This proceeding is to review that judgment.

Apparently the motion for a new trial was granted and the judgment complained of was rendered for the reason that the district court was of the opinion that the action was barred by the statute of limitations; and this for the reason that the summons, as first issued, bore no indorsement of the amount for which the plaintiff would take judgment if the defendant failed to appear. We have repeatedly held that no judgment can be rendered in excess of the amount indorsed upon the summons in case of default in an action where the only relief sought is a money judgment. *Crowell v. Galloway,* 3 Neb. 215; *Roggencamp v. Moore,* 9 Neb. 105; *Cooperative Stove Co. v. Grimes,* 9 Neb. 123; *Forbes v. Bringe,* 32 Neb. 757. The plaintiff in error contends that the amendments to the

summons and præcipe, which were permitted by the court, relate back to. the time of the issuance and service of the original summons, and that therefore the action was begun within the two year period, while the position of the railroad company is that, since no judgment could have been rendered for any amount whatever upon the summons as it was when issued and served, an amendment which gave to the writ a force and effect of which it was entirely devoid was in effect the beginning of a new action, and that in such case, if the bar of the statute had fallen, it could not override the same. We have been cited to no cases directly in point in either this or any other jurisdiction. This court has held that a motion to amend an affidavit for attachment may be sustained, even though a motion is pending to quash the writ on account of the very defect which it is sought to cure by amendment. *Struthers v. McDowell*, 5 Neb. 491; *Rathman v. Peycke*, 37 Neb. 384; *Moline, Milburn & Stoddard Co. v. Curtis*, 38 Neb. 520; *Dobry v. Western Mfg. Co.*, 57 Neb. 228. In such cases the amendment relates back to the issuance of the writ of attachment. The general rule is that irregular or voidable process may be amended, but that void process is incapable of amendment. The reasons are obvious. A void writ is not a writ, and an amendment which would give such a writ force and effect would call the process into being at the time of the so-called amendment. The courts of other states have not been uniform in their holdings as to the effect of the failure to include an *ad damnum* clause in a summons or to indorse upon the back of the writ the amount claimed, where required by statute. See *Campbell v. Chaffce*, 6 Fla. 724; *Kagay v. Trustees*, 68 Ill. 75; *State v. Hood*, 6 Blackf. (Ind.) *260. In Ohio, in such a case, it was held by an inferior court that such a summons could be amended, but unless appearance were made the amendment would have to be served. *Williams v. Hamlin*, 1 Handy, 95. While in another such court in the same state it was held that a judgment rendered upon the service of a writ with no amount indorsed was errone-

ous, but not void, and therefore valid and subsisting, since not directly attacked.  *Gillett v. Miller,* 12 Ohio C. C. 214.

If the first position is correct, the latter is wrong.  The holdings are clearly irreconcilable.  This court, however, in an early case, pointed out the proper procedure and indicated the effect of such an amendment.  In *Watson v. McCartney,* 1 Neb. 131, the action was to enforce a vendor's lien upon certain lands.  The summons was indorsed with the notice required in cases where a judgment for money only is sought.  The defendants did not appear, and the indorsement was by leave of court amended so as to conform to the nature of the action, and judgment was rendered accordingly.  In that case as in this both the præcipe and the summons were defective as to indorsement.  In the opinion Judge LAKE says:

"So well am I satisfied that this amendment was irregular and unwarranted, that I have not undertaken to look into the cases. relating to amendments cited by counsel for the defendant in error.  Although cases might be found to support such a proceeding I should deem it unwise, in the settlement of the practice which is to govern in the courts of this state, to conform to precedents of that character.  *  *  *  Had the defendants appeared, the amendment might have been made by order of the court. The office of the notice indorsed on the summons is to advise the defendant of the amount claimed.  He then is at liberty to consent or resist.  *  *  *  The plaintiff's course was to take judgment for the amount indicated in the notice, with interest from April 1, 1897.  If he desired a further or greater recovery, he should have obtained leave and issued another summons, such as was proper in the case."  See also *Reliance Trust Co. v. Atherton,* 67 Neb. 305; *Atchison, T. & S. F. R. Co. v. Nicholls,* 8 Colo. 188, 6 Pac. 512.

In the instant case the summons was issued in all respects in conformity with the præcipe which was filed, and in conformity with law.  It is not a case where an error has been made by a clerk of the court or other officer.  In

such a case, as, for instance, where an error has been made in the date of the return day of the summons or the answer day, we have permitted amendments to be made, and such amendments relate back to the time of the issuance of the summons. *Barker Co. v. Central West Investment Co.*, p. 43, *post*. The court, in such case, has power to preserve the rights of the defendants by granting such additional time to plead as may be necessary. In such cases, the defendant is fully advised of the nature of the judgment which is sought to be rendered against him, and the only prejudice which he can suffer is being deprived of the necessary time in which to prepare his defense. The case here, however, is different. Upon its face the summons was valid, but it failed in anywise to apprise the defendant of any money demand against it. No sum is mentioned either on the face or upon the back of the writ. This being the case, an amendment to the præcipe which directs the clerk to indorse a sum of money upon the writ, and an indorsement of the same upon the summons, the defendant not being in court, injects into the case a liability upon the defendant to which he was not subject when the writ was issued, and the effect as to him is the same as the amendment of a petition by setting forth a new cause of action, or the issuance of an alias summons. The defendant may have been, and evidently was, perfectly satisfied to let judgment go against him upon the process as it was first issued, but, when the same was made valid and effectual to charge him with a money judgment, it was the same as beginning a new action, and he had the right to the time prescribed by law for his answer after the indorsement.

It is a significant fact that the plaintiff did not rely upon the amended præcipe and summons to bring the defendant into court, but procured the issuance and service of a new summons, fixing the answer day at a future date. Taking this fact into consideration, we conclude that the action was begun, so far as the liability for the amount indorsed upon the summons is concerned, at the

time the amendment was made and the new summons issued. If during the interval between the issuance of the summons and its amendment, or the issuance of the new summons, the bar of the statute of limitations has fallen, it cannot be removed by an amendment or a new summons which virtually begins the action. Since the bar of the statute had fallen at time of the amendment and the issuance of the new summons, no right of action existed, and the judgment of the district court is correct.

We recommend that the judgment of the district court be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.