Johnson v. Larson.

---

JOHN A. JOHNSON, APPELLEE, V. SWAN A. LARSON, APPELLANT.

FILED MAY 15, 1914. No. 17,741.

1. **Appeal:** CONFLICTING EVIDENCE. In an action on a promissory note, where the evidence on the question as to whether the note was purchased by the plaintiff before due and in due course is conflicting, a verdict of the jury in plaintiff's favor on that point will not be set aside.

2. ———: PLEADING: WAIVER OF OBJECTIONS. Where the plaintiff's petition in general terms was sufficient to state a cause of action, and was not attacked by motion or demurrer before judgment, defendant's objection that the title of an indorser of the note was not pleaded with sufficient particularity will not be considered.

3. **Attachment:** COMMENCEMENT OF ACTION. ''An action is considered commenced, so far as the right to issue a writ of attachment is concerned, as soon as the petition is filed in the proper court, and a summons is issued thereon with a *bona fide* intent that it shall be served.'' *Coffman v. Brandhoeffer*, 33 Neb. 279.

4. ———: DISSOLUTION. The fact that plaintiff, as a matter of precaution, obtained a second attachment, which was levied on property more than sufficient in amount to satisfy plaintiff's claim, is not a ground for a dissolution of the attachment.

96 Neb. 13

5. ————: PRIORITIES.  On an examination of the proceedings set forth
in chronological order in the opinion, *held,* that the plaintiff's at-
tachment created a lien on the attached property prior in point of
time to the attachment of the interveners.

APPEAL from the district court for Polk county:
GEORGE F. CORCORAN, JUDGE.  *Affirmed.*

*France & France,* for appellant.

*King & Bitner, John C. Martin* and *V. E. Wilson, contra.*

BARNES, J.

This was an action on a promissory note executed by
the defendant, Swan A. Larson, for $1,000, which the
plaintiff alleged was purchased by him before due in the
usual course of business.  The suit was aided by an at-
tachment.  To make clear the questions presented by the
appellant, the proceedings will be chronologically stated.

On March 4, 1911, plaintiff filed in the district court for
Polk county his petition, affidavit, bond for attachment,
and præcipe for summons.  On March 6 summons and writ
of attachment were issued and served upon the defendant
by delivering to him personally duly certified copies there-
of.  The attachment was levied upon 120 acres of land as
the property of the defendant.  The summons was not in-
dorsed with the amount for which plaintiff would take
judgment if the defendant failed to appear.  March 8 the
summons and writ of attachment were returned by the
sheriff and filed with the clerk.  April 24 default was en-
tered against the defendant in the main action, and on
the same day the motion of plaintiff to quash and for an
alias summons was filed; an alias summons was issued
containing the necessary indorsements of the amount for
which the plaintiff would take judgment on default. April
27 the alias summons showing personal service on the de-
fendant was returned and filed with the clerk.  Septem-
ber 28 defendant filed a motion to dissolve the attachment
on the ground that the facts stated in the affidavit were
insufficient to sustain the writ and were untrue.  October

defendant filed an affidavit in support of his motion to dissolve the attachment, and an answer to plaintiff's petition in the form of a general denial, and a hearing was had on his motion to dissolve the attachment. October 4 the intervening creditors filed petitions, by leave of the court, after having sued out attachments against the defendant and levying them upon the land previously attached by the plaintiff. Plaintiff on the same day sued out a second writ of attachment against the defendant, which was levied on the property of the defendant other than that seized under the first writ. October 9 defendant was heard further upon his motion to dissolve plaintiff's first writ of attachment, and he also at that time filed a special appearance and motion challenging the jurisdiction of the court over his person and over the property seized under the plaintiff's first writ on the ground that no suit was commenced at the time the writ was issued or levied as required by law. October 10 defendant's motion to dissolve the first attachment upon a consideration of the issues of fact was overruled. December 27 the defendant filed a motion to dissolve plaintiff's second attachment. January 29, 1912, plaintiff filed an amended reply to defendant's answer. On February 5 a trial was had in the main action, and the jury returned a verdict for the amount prayed for in plaintiff's petition, on which a judgment was rendered. On February 6 all of the defendant's motions attacking both attachments, including his motion objecting to the jurisdiction of the court, were overruled. Defendant has appealed, and his first contention is that the verdict is not sustained by sufficient evidence.

Defendant relies on his own testimony to substantiate that fact. His evidence consists of the single statement that he told the plaintiff prior to his purchase of the note that there was no consideration for it. Defendant also stated that the Stromsburg Auto Company, from whom plaintiff purchased the note, had floated it, which we understand to mean that plaintiff knew that the note had been sold. His testimony is seriously affected, however, by the several contradictory statements made by him. He

even denied his own signatures, and then afterwards readily assented to their genuineness when examined by his own counsel. On the other hand, the evidence that plaintiff was the holder and owner of the note in due course which was purchased before maturity seems to be clear and convincing. Plaintiff denied unequivocally the statement defendant says he made that the note was without consideration, and testified that he had no conversation with the appellant prior to the day the note was due. His testimony flatly contradicted plaintiff's evidence that he was told of a defect in the note prior to its purchase, and he was corroborated, to some extent, by the testimony of the other witnesses. It further appears that there was a consideration for the note when it was executed. It was given for a one-half interest in a $1,500 real estate mortgage on property in Garrison, Nebraska, and a one-half interest in $880 of real estate commissions owned by the firm of Carmine & Fillman, to whom the note was given. We are therefore of opinion that the evidence was sufficient to sustain the verdict.

Defendant further contends that the petition did not state facts sufficient to constitute a cause of action against him, in that plaintiff's title to the note was not sufficiently pleaded. It is alleged that the petition should have set forth the partnership character of the Stromsburg Auto Company through whom plaintiff derived title to the note. The averments of the petition showed a transfer by indorsement and delivery, and sufficiently stated a good cause of action. No motion was filed by the defendant to make the petition more definite and certain, and it was not attacked in any way before judgment. We therefore hold that this assignment of error is without merit.

It is next contended that the court erred in overruling the defendant's motion to dissolve the first writ of attachment on the ground that at the time the writ was issued the plaintiff's action had not been commenced; and it is argued that, because the summons issued at the time the petition and affidavit for attachment were filed contained no indorsement of the amount for which plaintiff

would take judgment if the defendant failed to appear, that summons was void, and as matter of fact no action was commenced against the defendant until the alias summons was issued and served.

In *Tootle, Hanna & Co. v. Ellis,* 63 Kan. 422, it was held that a failure to indorse on the summons the amount for which the plaintiff would take judgment, in case the defendant failed to appear, was not a part of the summons, but simply an indorsement upon it.

In *Dusenberry v. Bennett,* 7 Kan. App. 123, the court held that a summons not indorsed for the amount for which judgment would be rendered in case the defendant failed to appear is irregular, but not void.

In *Simpson v. Rice, Friedman & Markwell Co.,* 43 Kan. 22, a summons was issued December 13, 1886, without the usual indorsement. An order of attachment was issued on the same day. On December 14 another and corrected summons was issued, and it was held that the attachment was valid, although the summons which was made the basis for attachment was never served, and a new summons was issued.

In *Watson v. McCartney,* 1 Neb. 131, it was said: "The office of the notice indorsed on the summons is to advise the defendant of the amount claimed. He then is at liberty to consent or resist."

In *Crowell v. Galloway,* 3 Neb. 215, it was held that the failure of the clerk to indorse the amount of the plaintiff's demand on the summons, where all the other requirements of the statute are observed, is of no consequence, unless the defendant fails to appear.

In *Elmen v. Chicago, B. & Q. R. Co.,* 75 Neb. 37, it was held that a summons which contained no indorsement might be amended, but an alias summons issued and served was held not to relate back to the time of the original summons so as to defeat the running of the statute of limitations.

In *Coffman v. Brandhoeffer,* 33 Neb. 279, it was said: "An action is considered commenced, so far as the right to issue a writ of attachment is concerned, as soon as the

petition is filed in the proper court, and a summons is is-
sued thereon with a *bona fide* intent that it shall be
served." In the case at bar it appears that the original
summons was served personally upon the defendant.

In *Darnell v. Mack,* 46 Neb. 740, the court said: "Where
property has been seized under a writ of attachment reg-
ularly issued and levied, the court acquires jurisdiction
over the property, so far at least as to render the custody
of its officers lawful, and jurisdiction to that extent is not
lost, so long as the action remains pending by failure to
serve process in the main action upon the defendant."

In *Jones v. Danforth,* 71 Neb. 722, it was said: "In this
state the court acquires jurisdiction over the *rem* by its
seizure, and failure to give the notice does not thereby
cause the court to lose jurisdiction so long as the action
remains pending."

We are therefore of opinion that, by the filing of the affi-
davit in attachment, and the levy and return of the writ
which was issued thereon, the plaintiff acquired a lien
upon the property of the defendant which was seized un-
der the writ. Again, it may be said that the defendant, by
filing an answer to plaintiff's petition on the merits, and a
motion to dissolve the attachment on the question of the
sufficiency of the affidavit and its truthfulness, entered
a general appearance before he interposed his plea to the
jurisdiction, and such appearance operated as a waiver of
all defects in the original summons.

It is further contended that the second attachment was
void, and the motion to dissolve, because more property
was seized than was necessary to satisfy the plaintiff's
judgment, should have been sustained. It appears from
the record that the defendant had disposed of his property
or transferred it to his wife for the purpose and with the
intention of defrauding his creditors, and the fact that the
plaintiff, as a precautionary measure, caused more prop-
erty to be seized under the two writs of attachment than
was sufficient to satisfy his claim did not render the sec-
ond attachment void.

Finally, it is contended that the court erred in holding that plaintiff's lien on property attached was prior to that of the intervening creditors whose attachments were levied long after the commencement of plaintiff's action. A reference to the chronological statement of the proceedings found in the beginning of this opinion sufficiently disposes of this assignment of error.

From what we have said, it appears that the proceedings were without reversible error, and the judgment of the district court is in all things

AFFIRMED.

ROSE, FAWCETT and HAMER, JJ., not sitting.