Taft, C. J.
The question to be decided may be stated as follows:
Where a plaintiff in an action for money only fails to state in the praecipe for summons “the amount for which judgment is asked” and where the summons issued pursuant to that praecipe does not have endorsed on it “the amount * * * for which, with interest, judgment will be taken if the defendant fails to answer,” is that summons, if otherwise in proper form and if properly served upon the defendant, sufficient to give the court jurisdiction over the person of the defendant?
Defendants contend that such a summons is a nullity.
Whether such a summons is a nullity or whether its service upon a defendant may be sufficient to give a court jurisdiction over the person of the defendant depends upon the construction of the following provisions of the Revised Code:
Section 2703.01. “A civil action must be commenced by filing in the office of the clerk of the proper court a petition and causing a summons to be issued thereon.”
*126 Section 2703.02 (as in effect prior to October 14, 1963). “The plaintiff shall also file with the clerk of the court a praecipe, stating therein the names of the parties to the action, and if it is for the recovery of money only, the amount for which judgment is asked, and demanding that a summons issue.”
Section 2703.03 (as in effect prior to October 14, 1963). “* * * When the action is for the recovery of money only, there must be endorsed on the writ the amount stated in the praecipe, for which, with interest, judgment will be taken if the defendant fails to answer. If the defendants fails to appear, judgment shall not be rendered for a larger amount than the amount prayed for and the costs.”
Although these statutes have been a part of our Code of Civil Procedure in substantially their present form for over 111 years (see 51 Ohio Laws, 57, 66, Sections 55, 56 and 57), the question to be decided in the instant case has not been passed upon by this court.
In Finckh v. Evers (1874), 25 Ohio St., 82, it was held “error to take judgment by'’default against a defendant, the summons against whom has no endorsement upon it of the amount claimed.” A similar holding was made in Hamilton v. Miller (1876), 31 Ohio St., 87. There was no contention or suggestion in either case that such a summons would be a nullity. Allison v. Braunlin (Franklin County, 1961), 113 Ohio App., 511, 179 N. E. (2d), 79, is a similar holding.
In Gillett v. Miller (Wyandot County, 1895), 12 C. C., 209, 5 C. D., 588, it is said in the opinion by Day, J.:
“It is claimed:
“1. That Anderson’s judgment is void, because taken on default, on a petition for money only, when the amount claimed was not endorsed on the summons served. As sustaining this claim, the 25 and 40 Ohio St. [apparently Finckh v. Evers, supra, and Russell v. Moody, 40 Ohio St., 603] are relied on. The authorities cited do not enforce this view. There the Supreme Court holds simply, that it is error to render judgment on a petition for money only, where the amount claimed to be due is not endorsed on the summons served in the case. In both of the cases the judgment was reversed on that ground, and no *127 other; and in neither ease did the court hold the judgment void. "We understand the rule to be precisely the contrary. That where the record shows, affirmatively, jurisdiction in the court over the person and the subject matter of the action, as clearly appears in this case, the judgment entered is not void, but voidable only, at the instance of the prejudiced interested party. No steps having been taken by the judgment debtor to avoid the judgment, it is, to all intents and purposes, valid and subsisting, and supplies a proper predicate for a writ of execution.”
Again in Lydrickson v. Brenner (Cuyahoga County, 1906), 21 C. C. (N. S.), 289, 33 C. D., 345, the court indicated that a judgment rendered in an action for money only upon service of a summons not endorsed with the amount sued for was “merely voidable” and not void. See also Kious v. Kious (Madison County District Court, 1860), 2 W. L. M., 418, 2 Dec. Rep., 318.
Such a summons was held void for the first time in a reported Ohio case in Crabbe, Supt., v. Hertzig (Tuscarawas County, 1946), 66 N. E. (2d), 659, which affirmed Crabbe v. Jones, 45 Ohio Law Abs., 443. This was 93 years after the original enactment of the provisions of Sections 2703.02 and 2703.03, Revised Code, requiring such an endorsement. The holding in the Grabbe case is based largely on a dictum in Renz v. Schmid (Cincinnati Superior Court, 1914), 16 N. P. (N. S.), 223, 26 O. D. (N. P.), 40. The Grabbe case was followed in Sexton v. New York Central Rd. Co. (Madison County, 1959), 112 Ohio App., 498, 172 N. E. (2d), 167. See also Hart v. Columbus Buick Co. (Madison County Common Pleas Court, 1955), 72 Ohio Law Abs., 98.
On the other hand, the Court of Appeals for Stark County in the instant case and the Court of Appeals for Ottawa County in Dennie v. Ohio Edison Co. (this day decided), 176 Ohio St., 134, each held in effect that such a summons is not void. To the same effect, see Robinson v. Greyhound Corp. (C. C. A. 6, 1957), 245 F. (2d), 65, where, however, a copy of the petition was served with the unendorsed summons.
The authorities outside Ohio generally hold that a summons without a statutorily required endorsement of the amount claimed is not void.
*128 Thus, in Tootle, Hanna & Co. v. Ellis (1901), 63 Kan., 422, 65 P., 675, 88 Am. St. Rep., 246, it is said in the opinion by Cunningham, J.:
“In this case a summons was served, issued under the hand of the clerk and the seal of the court. It informed the defendants that they had been sued, and that they must answer the petition by a given time. This gave the court jurisdiction of them. The judgment rendered therefor was not void. They might have taken advantage of the omission of the endorsement had they chosen so to do by some movement in the case. This they did not do. They paid no attention to the information contained in the summons that they had been sued. They gave no heed to the warning of the court that they must answer.
“True, the statute adds that if the defendants fail to answer, judgment shall not be rendered against them for a larger amount than that endorsed on the summons and costs, but this is not a part of the summons; it is but an endorsement on the summons. The summons gets the party into court. Its service gives jurisdiction of the party to the court. The party being thus in court, he must defend his rights and protect his interests, as is permitted by the rules of procedure.”
Also, in Gigoux v. Griffith (1921), 109 Kan., 275, 199 P., 103, it is said in the opinion by Johnston, C. J.
“The endorsement # * * is only important in case of a default, and only affects the entry of judgment if the defendant fails to answer. If the defendant ignores the summons and fails to appear the judgment is limited to the amount endorsed on the summons * * *. While the plaintiff confessed the motion to quash the first summons, he cannot be regarded to have admitted any more than the defect pointed out in the motion, which was the lack of the endorsement. Before the motion was submitted or confessed the plaintiff had caused the issuance and service of the alias summons. The summons first issued was at least notice to the defendant that an action had been commenced against him and to give the court jurisdiction over him. The omission of the endorsement was an irregularity, but the process was not void. * * * It was certainly sufficient to constitute an attempt to begin an action which under the Code is equivalent to the commencement thereof *129 when followed by a faithful, proper and diligent effort to procure service and service is effected within 60 days. Here the alias summons properly endorsed and in legal form was issued and served within the 60-day period allowed by the Code. The action must therefore be deemed to have been commenced at the date of the first summons and at that time the limitation period had not expired.”
Section 2305.17, Revised Code, contains almost identical provisions with respect to “an attempt to commence an action” being “equivalent to its commencement.” See also Section 2305.19, Revised Code, providing that, “in an action commenced, or attempted to be commenced, * * * if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement * * # at the date of * * * failure has expired, the plaintiff * * * may commence a new action within one year after such date.”
As further tending to indicate that failure to have a statutorily required endorsement on the summons of the amount claimed does not result in the summons being void, see Lawton v. Nicholas, Sheriff (1903), 12 Okla., 550, 73 P., 262; Campbell v. Chaffee (1856), 6 Fla., 724; State, ex rel. Bird, v. Hood (Indiana, 1842), 6 Blackford, 260; Kagay v. Trustees of Schools (1873), 68 Ill., 75; 30A American Jurisprudence, 794, Section 881; 34 American Jurisprudence, 218, Section 265; and 54 Corpus Jurus Secundum, 340, Section 282.
As have the decisions of some of our Courts of Appeals hereinbefore referred to, Elmen, Admr., v. Chicago, Burlington & Quincy Rd. Co. (1905), 75 Neb., 37, 105 N. W., 987, does reach a contrary conclusion. (The subsequent decision in Johnson v. Larson (1914), 96 Neb., 193, 147 N. W., 476, seems inconsistent with the Elmen case.) However, those decisions are based upon literal interpretations and technical applications of statutory words without regard to the original reasons for the use of such words and without regard to the limited effect specified in the statute for a failure to make the statutorily required endorsement upon the summons.
Even before enactment of the provisions of Sections 2703.01 to 2703.03, inclusive, Revised Code, as part of the Code of Civil Procedure in 1853, there were provisions in the Ohio statutes *130 for endorsement of the amount claimed on the writ used to secure jurisdiction over a defendant’s person.
Thus, at least as early as 1804, the clerk was required to “endorse on the writ * * * the amount appearing to be due or sworn to,” and, where the sheriff served a capias ad respondendum, he was required to “take a bail bond * * # in double the sum which appears to be due by the writ, conditioned for the appearance of the defendant at the return of the writ.” 1 Chase’s Statutes (1833), 413 and 453, Sections 9,10, 21 and 23.
In Nathan Herf & Co. v. Shulze (1840), 10 Ohio, 263, the action had been instituted by a capias ad respondendum. This was a writ which in effect commanded the sheriff to arrest and hold the defendant to answer the plaintiff’s claim unless he gave a bail bond to appear at a certain time. See Bouvier’s Law Dictionary (Eawle’s Eevision, 1897). The then applicable statute (29 Ohio Laws, 58, 3 Chase’s Statutes [1835], 1674, Section 3) required an endorsement on the writ of “the amount appearing to be due or sworn to, as the same may be stated in the praecipe or affidavit, to hold the defendant to bail.” In the opinion by Wood, J., it is stated at page 267:
“The object of the act is readily perceivable, that the sheriff may know in what amount to demand bail, and the defendant, the sum demanded of him, that he may pay it without further embarrassment, vexation, and cost.”
The opinion refers to the failure to have such an endorsement on the writ as “an irregularity” and holds that a default judgment should be reversed. It does not refer to the writ as being void. See also Walke v. Bank of Circleville (1846), 15 Ohio, 288, 299.
Before our Constitution of 1851, legislation in this state had done away with imprisonment for debt and thereby largely eliminated use of the writ of capias ad respondendum as a means of instituting an action. See 36 Ohio Laws, 75 (1838); Hyatt v. Robinson (1846), 15 Ohio, 372, 384; William T. Spice & Son v. Steinruck (1863), 14 Ohio St., 213, 218.
Thereafter, in Stone v. Cordell (Superior Court of Cincinnati, 1845), 3 W. L. J., 79, 1 Dec. Rep., 166 (decided a few years before the original enactment of the provisions of Sections 2703.01 to 2703.03, inclusive, Devised Code, as a part of *131 the Code of Civil Procedure of 1853), where a defendant “moved to quash the writ [of summons] for want of an endorsement of the amount appearing to be due,” and the defendant “moved for leave to amend the writ,” it is stated in the opinion by Coffin, J.:
“ * * * the specific sum claimed * * * to be due * * * should be stated in the praecipe, and * # * endorsed upon the writ. This is necessary where a capias ad respondendum issues [to enable the sheriff to determine how much bail to require of the defendant]. The object is to enable the defendant to pay the debt and costs before any unnecessary expense is incurred. 10 Ohio, 267 * * *.
“* * * the statute * * * is as applicable to a summons as a capias.
“Leave is given the plaintiff to amend his writ: the cause will stand continued * * * upon the defendant’s counsel filing a statement on the affidavit of the defendant, that the plaintiff’s claim would have been paid off, had the amount due been endorsed upon the writ: otherwise the cause will take its course upon the docket.”
The opinion thereafter indicates that “no further service is necessary.”
That decision indicates that, where summoned to appear, the defendant could rely upon the failure to endorse upon the summons the amount claimed only if he could establish that he would have paid off the amount claimed if it had been so endorsed.
Shortly after the original enactment of the provisions of Sections 2703.01 to 2703.03, inclusive, Revised Code, it was stated in the opinion in Campbell v. Chaffee, supra (6 Fla., 724), in holding that omission of the amount claimed from a summons did not make it void:
“* * * It would seem that the only object to be accomplished by stating the amount of the debt or damages in the process, is to lay the foundation for holding the defendant to bail, but as by our statute no bail can be required of the defendant, the rule would seem to be inapplicable to our practice # # #
Our statute (Section 2703.03, Revised Code, which codifies *132 Section 57 of the Code of 1853) specifies that, in an action for money only, “if the defendant fails to appear, judgment shall not be rendered for a larger amount than the amount” endorsed on the writ (i. e., “the amount prayed for and the costs”). Thus, in such an action where nothing is endorsed upon the summons, a default judgment for the plaintiff can be reversed on appeal. See Finckh v. Evers, supra (25 Ohio St., 82); Hamilton v. Miller, supra (31 Ohio St., 87); and Russell v. Moody, supra (40 Ohio St., 603). Perhaps, also, the rendering of such a default judgment would amount to an “irregularity” within the meaning of Section 2325.01(C) providing for vacation of a judgment after term. However, our statutes contain no language tending to indicate that the failure to endorse the amount claimed on the summons will make that summons void. Certainly, there is no apparent reason why protection of a defendant would require such a holding.
Section 2703.03, Revised Code, does specifically provide a defendant with substantial protection against default judgments in actions for money only for more than the amount endorsed on the summons. By so providing, the General Assembly apparently intended to provide a defendant with a shield to protect him against a default judgment. In our opinion, the statutory requirement of an endorsement of the amount claimed on the summons in an action for money only was not intended to further provide the defendant with a weapon that would enable him, with the statute of limitations, to destroy the plaintiff’s cause of action. To hold that that requirement did provide defendant with such a weapon would be inconsistent with the words used by the General Assembly in other sections of the Code of Civil Procedure of 1853, which are still contained in our Revised Code.
Thus, Section 2 of the 1853 Code (51 Ohio Laws, 57), now codified in Section 1.11, Revised Code, read:
“The rule of the common law, that statutes in derogation thereof, are to be strictly construed, has no application to this Code. Its provisions and all proceedings under it, shall be liberally construed, with a view to promote its object, and assist the parties in obtaining justice.”
Section 137 of the 1853 Code (51 Ohio Laws, 57, 78, now codified in Section 2309.58, Revised Code) read in part:
*133 “The court may, before, or after judgment, in furtherance of justice, and on such terms as may be proper, amend any * * * process or proceeding * * * by correcting * * * a mistake in any * * * respect * * *. And whenever any proceeding taken by a party fails to conform, in any respect, to the provisions of this Code, the court may permit the same to be made conformable thereto, by amendment.”
Section 138 of the 1853 Code (51 Ohio Laws, 57, 78, now codified in Section 2309.59, Eevised Code) read:
“The court, in every stage of an action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed, or affected, by reason of such error, or defect.”
We are of the opinion that, although a plaintiff in an action for money only fails to state in the praecipe for summons “the amount for which judgment is asked,” and the summons issued pursuant to that praecipe does not have endorsed on it “the amount * * * for which, with interest, judgment will be taken if the defendant fails to answer,” that summons, if otherwise in proper form and if properly served upon the defendant, is sufficient to give the court jurisdiction over the person of the defendant.
It follows that, since the court acquired jurisdiction over the persons of the appellant defendants in the instant case as a result of services of the original summons on them before the statute of limitations had run, the motions for summary judgments should have been denied.

Judgment affirmed.

Zimmerman, Hover, 0 ’Neill, Griffith, Herbert and Gibson, JJ., concur.
Hover, J., of the First Appellate District, sitting by designation in the place and stead of Matthias, J.